1  Richard B. Fox(SBN 283447)
   800 Pollard Rd.
2  Ste. B205
   Los Gatos, CA 95032
3  Telephone: (408) 370-0110
   Facsimile:  (408) 871-1210
4
   Attorney for Plaintiff
5  RICHARD B. FOX, M.D.

6

7

8
                    IN THE UNITED STATES DISTRICT COURT
9
                  FOR THE NORTHERN DISTRICT OF CALIFORNIA
10
                            SAN JOSE DIVISION
11

12  RICHARD B. FOX,                    )    **No. 5:15-cv-02073**
                                       )
13            Plaintiff,               )    **EXHIBITS TO COMPLAINT**
                                       )
14       vs.                           )    Racketeer-Influenced Criminal Organization
                                       )    (RICO), 18 U.S.C. § 1961 et seq.
15  HCA HOLDINGS INC.,                 )    Fed.R.Civ.P. Rule 60(d)
                                       )
16            Defendant.               )
    _____
17

18

19

20

21

22

23

24

25

26

27

28

**LIST OF EXHIBITS**

1.      <u>Coalition Challenges Selection of Judges in Same-Sex Marriage Case.</u> Adam Liptak, New York Times, Nov. 10, 2014.  Available at: http://nyti.ms/1ss3aHu.

2.      <u>Chief Judge Kozinski Responds</u>. Ed Whelan, National Review, November 20, 2014. Available at:

http://www.nationalreview.com/bench-memos/393074/chief-judge-kozinski-responds-ed-whelan.

3.      <u>A Curious Panel Selection Procedure.</u>  Edward Whelan.  San Francisco Daily Jounral, December 15, 2014.  Available at:

http://eppc.org/publications/a-curious-panel-selection-procedure/.

4.      <u>Financial Disclosure Report For Calendar Year 2007</u>.  Judge Jay S. Bybee, U. S. Court of Appeals, Ninth Circuit.

5.      <u>Financial Disclosure Report For Calendar Year 2008.</u>  Judge Jay S. Bybee, U. S. Court of Appeals, Ninth Circuit.

6.      <u>Financial Disclosure Report For Calendar Year 2009.</u>  Judge Jay S. Bybee, U. S. Court of Appeals, Ninth Circuit.

7.      <u>Financial Disclosure Report For Calendar Year 2010.</u>  Judge Jay S. Bybee, U. S. Court of Appeals, Ninth Circuit.

8.      <u>Financial Disclosure Report For Calendar Year 2011.</u>  Judge Jay S. Bybee, U. S. Court of Appeals, Ninth Circuit.

9.      <u>Financial Disclosure Report For Calendar Year 2012.</u>  Judge Jay S. Bybee, U. S. Court of Appeals, Ninth Circuit.

Exhibit 1



**The New York Times**

WASHINGTON — When a three-judge panel of the federal appeals court in California struck down bans last month on same-sex marriage in Idaho and Nevada, it was no surprise. The panel included two of the court's leading liberals.

A group opposing same-sex marriage said the composition of the panel was also no coincidence. In an unusual accusation in a recent court filing, the group said the two judges served on a disproportionate number of cases involving gay rights.

The odds of this were 441 to 1, according to a brief filed by the group, the Coalition for the Protection of Marriage. It asked the United States Court of Appeals for the Ninth Circuit to rehear the Nevada case "to cure the appearance that the assignment of this case to this particular three-judge panel was not the result of a random or otherwise neutral selection process."

Peter Renn, a lawyer with Lambda Legal, which represents the plaintiffs in the Nevada case, said, "This conspiracy theory is more believable as the plot to a John Grisham novel than a credible legal argument substantiated by evidence."

"Holding a losing hand does not mean that the deck has been stacked," he said. "This conspiracy theory is frivolous and sad, and it reeks of desperation. It is embarrassing that the other side has stooped to attacking the integrity of our federal judiciary, rather than accept their loss with an ounce of grace."

The Ninth Circuit has 29 active judges. Since 2010, the coalition's brief said, the court has heard 11 gay rights cases. Judge Marsha S. Berzon sat on five of them, and Judge Stephen Reinhardt on four. Eighteen of the court's active judges served on none.

"Something is amiss," the coalition told the Ninth Circuit.

Peter H. Irons, an emeritus professor of political science at the University of California, San Diego, questioned the group's selection of cases and noted that the decisions of panels including Judge Berzon and Judge Reinhardt were not uniformly in favor of gay rights.

"The allegation of panel rigging based on a supposed statistical analysis is completely bogus and totally unsupported by any facts," he said.

Mr. Renn echoed the point.

"If there was a conspiracy, it apparently wasn't a very good one," he said, "given that the accused judges voted against the lesbian and gay litigants in a full third of the cases deemed suspicious by the other side."

Monte Neil Stewart, a lawyer for the coalition, said that "the legal test here is one of appearance" and that "the appearance of panel-packing in the Nevada and Idaho marriage cases is strong." He added that his client had posted a document on its website "addressing misunderstandings."

Cathy A. Catterson, the Ninth Circuit's top administrator, said panels were indeed created at random. And that process, she said, takes place long before particular cases are assigned to panels.

"We just literally sent out the panel assignments for all of 2015," she said last week. "They have no idea what cases they're getting."

Until recently, though, the court used a different procedure for assigning cases on a fast track, like the marriage case. They were assigned to the available panel with the most senior presiding judge, said the Ninth Circuit's

chief judge, Alex Kozinski. Judge Reinhardt, who was appointed by President Jimmy Carter, is one of the most senior active judges and so was disproportionately likely to be the presiding judge.

That procedure was changed to ensure "more randomness," Ms. Catterson said.

Chief Judge Kozinski said the court's staff had used a neutral principle in assigning the expedited cases.

"Having worked with our staff in San Francisco for three decades," he said, "I have full confidence in their professionalism and objectivity."

The possibility that courts might sometimes bend the rules in assigning cases is not completely implausible. In the civil rights era, the Fifth Circuit steered cases involving racial equality to more liberal panels.

A 2012 article in the University of New Hampshire Law Review looked at how the chief judges of federal appeals courts choose visiting trial court judges to sit on appeals panels. It found "clear and consistent evidence that chief judges, in making designation decisions, tend to choose individuals with similar ideologies."

Still, if the Nevada coalition's charge is that the Ninth Circuit actively rigged the process, its evidence is quite thin.

At the same time, a new study by two law professors supports the idea that many federal appeals courts are not selecting their panels perfectly randomly.

"We found strong evidence in the majority of circuits that they're not using a random assignment process to form their panels," said Marin K. Levy, a law professor at Duke and one of the study's authors.

The study considered more than 10,000 three-judge panels that heard arguments in federal appeals court over five years, comparing the real ones to three billion randomly generated artificial panels.

Adam S. Chilton, a law professor at the University of Chicago and the study's other author, said there was only a two percent probability that the real panels were generated by pure chance.

He said one court's practices are particularly questionable.

"If any of the 12 circuits are using a nonrandom process," he said, "it's most likely to be the Ninth Circuit."

Professor Levy and Professor Chilton were not looking at the same question as the group in the Nevada case. They explored how panels were composed, not how cases were assigned to panels.

"There's no indication that any of these results were deliberate," Professor Levy said. "It's also important to remember that there are many good reasons for courts to depart from strict randomness."

On the Ninth Circuit, for instance, judges can block out weeks in which they do not want to sit and can sometimes swap assignments with other judges. They get sick. They are recused because of conflicts.

Whatever the reasons, the study shows, the mix of judges on Ninth Circuit panels does appear to be the product of something other than pure chance.

That is notable, Professor Chilton said, given other research showing that the political affiliations and backgrounds of judges can help predict their votes.

"We know for a fact that the composition of panels affects the outcomes of cases," Professor Chilton said. "The reason we're O.K. with this is because the process is supposed to be perfectly random."

Exhibit 2

# NATIONAL REVIEW

## Chief Judge Kozinski Responds

By Ed Whelan — November 20, 2014

By e-mail, I took the liberty of sending Ninth Circuit chief judge Alex Kozinski my post from Tuesday titled "Hijinks in the Ninth Circuit Clerk's Office?" and asked whether he might be willing to answer some questions from me on the record. Chief Judge Kozinski generously agreed to do so. Here are my questions and his answers. (For sake of clarity, I've inserted "[AK:]" before his answers and "[EW:]" before a couple of my remarks.)

1. When did you first learn that the clerk's office had a practice of assigning expedited cases to the available panel with the most senior presiding judge?

[AK:] It's been the practice as far back as I can remember.

2. When (if ever) were Ninth Circuit judges generally informed of this practice?

[AK:] I don't know.  Perhaps before my time.

3. When did this practice begin?

[AK:] I don't know.

4. Is this a practice that the clerk's office maintains was followed uniformly?

[AK:] This has been our practice and I have no reason to doubt it's been followed.

5. What steps, if any, have you or your predecessors as chief judge taken to ensure that no individual in the clerk's office has discretion to assign a known case to a known panel?

[AK:] We train and supervise our staff and trust them to follow instructions.

[EW:] (The law-review article that I refer to in this post might be of interest to you.)

[AK:] No.

6. What steps, if any, have you or your predecessors as chief judge taken to address concerns that Judge Reinhardt seems to be favored by the case-assignment process?

[AK:] As you know, this has been made the subject of a pending petition for rehearing so I cannot comment.

[EW:] I of course welcome any additional comments you may have.

[AK:] Nothing further.  Have a good day.

I then asked Chief Judge Kozinski whether he would entertain follow-up questions, and he again generously agreed to do so. Here are my questions and his responses:

1. Given that you have long been aware of the practice, what led you to change it only recently?

[AK:] It was discussed during an Executive Committee meeting a few months ago and a majority expressed a preference for selecting among similarly-situated panels by random draw.

2. What was the justification for the old practice?

[AK:] I suppose it was viewed as consistent with our general practice of deferring to seigniority, such as selecting who presides, order of speaking at conference and assignment of opinions.  I can't be sure as I wasn't around when the practice got started.  Can't say I gave it much thought.

***

I'll probably reserve any further comments on this matter until I return to the office next week. In the meantime, if there are any other Ninth Circuit judges who would like to weigh in with their insights (either on the record or with a general descriptor (e.g., "a Democratic appointee")), please contact me.

Update (around 4 p.m.): I've already heard from one Republican appointee on the Ninth Circuit who had never heard of the clerk's office practice. (The most recent Republican

to join the court joined it in 2007, so every Republican appointee has had at least the last seven years of experience.)

Exhibit 3

# Ethics & Public Policy Center

## A Curious Panel Selection Procedure

Published in San Francisco Daily Journal on December 15, 2014

[ Share ]

By Edward Whelan

*This piece also appeared in the Los Angeles Daily Journal. The hyperlinks do not appear in the published versions.*

Judge Stephen Reinhardt of the 9th U.S. Circuit Court of Appeals has long seemed to enjoy remarkable good fortune in getting assigned to sit on ideologically charged cases. Suspicions that his good fortune hasn't been entirely due to luck were bolstered recently when the 9th Circuit revealed that its clerk's office had had a longstanding but undisclosed practice of assigning expedited cases — which tend to be of special importance — to the calendar panel with the most senior presiding judge. The arch-liberal Reinhardt was appointed to the court by President Jimmy Carter in 1980 and has long been very senior among active judges, so this practice would have especially benefited his case assignments.

Concerns that judges or court clerks might engineer case assignments for ideological purposes can't simply be dismissed. A Texas Law Review article from 2000 makes a compelling case that 5th Circuit case assignments in civil-rights cases in the early 1960s were manipulated to ensure pro-civil rights majorities. In a controversial case a decade ago, the 6th Circuit's chief judge added himself to an open spot on a panel instead of using the random draw that court rules required. In trying to minimize his violation, one of his colleagues offered the curious excuse that the chief judge did that frequently.

Judges and court clerks are people, too. They have their biases and their temptations to indulge those biases, especially when they think they can get away with it. Respect for the courts depends on the public's trust that they act impartially. That's why it's important that courts develop and implement transparent procedures designed to ensure that the assignment of judges to cases is random and neutral.

Just before his term as 9th Circuit chief judge ended, Alex Kozinski kindly responded by email to questions I posed to him about the 9th Circuit's now-abandoned practice of assigning expedited cases. I'm sorry to say that his responses didn't alleviate my concerns.

For starters, it's not at all clear that other 9th Circuit judges were ever informed of this practice. (Kozinski's response is vague on the point.) One veteran judge wrote to tell me he had never heard of it. That's consistent with what I've heard from other chambers.

Even more telling was Kozinski's evident lack of interest in ensuring that case-assignment shenanigans don't occur. I referred him to a law-review article that faults the 9th Circuit for having a case-assignment system that could be abused and suggested that the article might be of interest to him. His blunt reply: "No."

The practice that the 9th Circuit has now abandoned was rife with potential for abuse. Among other things, the clerk's office staff has been delegated authority to decide which cases to expedite, and it can

select among calendar weeks in a way that affords plenty of opportunity for panel-shopping. So, for example, the clerk's office ordered the Nevada marriage case expedited to "be calendared as soon as possible" and then passed over other calendar weeks to assign it to a panel with Reinhardt as the presiding judge.

There's also evidence that the clerk's office didn't uniformly apply the practice and that it may simply have used it as one of several tools to direct cases to Reinhardt. Under the practice, the anti-Proposition 8 appeal in 2010 apparently should have gone to a panel headed by Mary Schroeder. Instead, it went to a panel headed by Reinhardt (who, to compound the irregularities, declined to recuse himself even though the American Civil Liberties Union affiliate his wife then headed had taken part in the case and she had publicly celebrated the district-court ruling against Prop. 8).

The 9th Circuit has also been faulted for failing to separate the process of assigning judges to panels from the process of assigning cases to panels. That lack of separation makes it all the easier for rogue personnel to engineer the assignment of cases to panels with particular judges.

A new study by law professors Adam S. Chilton and Marin K. Levy finds that case assignments in several circuits, including the 9th, display "statistically significant deviations from random assignment." In particular, they find that the deviation in the 9th Circuit is ideological in nature. While they refrain from inferring or alleging that the skewing is intentional, they provide ample cause for others to wonder.

Having operated a system that allows for abuses, the 9th Circuit owes it to the public to conduct a thorough investigation into how its case-assignment process has in fact operated. That investigation, preferably assigned to an outsider, should require information from clerk's office staff as well as from the various chief judges over the years. Among other things, it should aim to uncover just how and when the recently disclosed practice of assigning expedited cases developed and operated. It should also examine case assignments as to which questions have been raised. And it should yield a detailed public report on these matters as well as on how the case-assignment process should be improved.

As Kozinski himself recently noted, chief judges "don't get picked because of [their] administrative skills." But that's no excuse for them not to ensure that their courts have in place neutral rules that are administered faithfully. As the U.S. Supreme Court observed a few years ago — in the course, as it happens, of blocking the broadcasting of the anti-Prop. 8 trial and condemning the violation of rules by Kozinski and U.S. District Judge Vaughn Walker — "If courts are to require that others follow regular procedures, courts must do so as well."

If the 9th Circuit fails to act responsibly on this matter, it will be inviting an investigation by the Senate or House judiciary committee.

*Edward Whelan is president of the Ethics and Public Policy Center and is a regular contributor to National Review Online's Bench Memos blog on judicial matters.*

Exhibit 4

| AO 10<br>Rev. 1/2008 | FINANCIAL DISCLOSURE REPORT<br>FOR CALENDAR YEAR 2007 | *Report Required by the Ethics<br>in Government Act of 1978<br>(5 U.S.C. app. §§ 101-111)* |

| 1. Person Reporting (last name, first, middle initial)<br><br>Bybee, Jay S | 2. Court or Organization<br><br>U.S. Court of Appeals, 9th Cir | 3. Date of Report<br><br>08/20/2008 |
|---|---|---|
| 4. Title (Article III judges indicate active or senior status;<br>magistrate judges indicate full- or part-time)<br><br>Circuit Judge (active) | 5a. Report Type (check appropriate type)<br><br>☐ Nomination,    Date<br>☐ Initial    ☑ Annual    ☐ Final<br><br>5b. ☑   Amended Report | 6. Reporting Period<br><br>01/01/2007<br>to<br>12/31/2007 |
| 7. Chambers or Office Address<br><br>Lloyd D George U.S. Courthouse<br>333 Las Vegas Blvd. S., #7080<br>Las Vegas, NV 89101 | 8. On the basis of the information contained in this Report and any<br>modifications pertaining thereto, it is, in my opinion, in compliance<br>with applicable laws and regulations.<br><br>Reviewing Officer_____ Date_____ | |

> **IMPORTANT NOTES:** *The instructions accompanying this form must be followed. Complete all parts,*
> *checking the NONE box for each part where you have no reportable information. Sign on last page.*

## I. POSITIONS. *(Reporting individual only; see pp. 9-13 of filing instructions.)*

☐ NONE *(No reportable positions.)*

| | POSITION | NAME OF ORGANIZATION/ENTITY |
|---|---|---|
| 1. | Senior Fellow, Constitutional Law | William S. Boyd School of Law, University of Nevada, Las Vegas |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |

RECEIVED 2008 AUG 22 A 10: 58 FINANCIAL DISCLOSURE OFFICE

## II. AGREEMENTS. *(Reporting individual only; see pp. 14-16 of filing instructions.)*

☐ NONE *(No reportable agreements.)*

| | DATE | PARTIES AND TERMS |
|---|---|---|
| 1. | 1991 | TIAA-CREF, academic retirement program |
| 2. | 1999 | VALIC, academic retirement program |
| 3. | 1999 | Contract with Greenwood Press as co-author for book (published 2006) |

| FINANCIAL DISCLOSURE REPORT | Name of Person Reporting | Date of Report |
|---|---|---|
| Page 2 of 7 | Bybee, Jay S | 08/20/2008 |

## III. NON-INVESTMENT INCOME. *(Reporting individual and spouse; see pp. 17-24 of filing instructions.)*

### A. Filer's Non-Investment Income

☐ NONE *(No reportable non-investment income.)*

| | DATE | SOURCE AND TYPE | INCOME (yours, not spouse's) |
|---|---|---|---|
| 1. | 2007 | William S. Boyd Law School, University of Nevada Las Vegas -- teaching | $ 15,000 |
| 2. | 2007 | Greenwood Publishing Co. | $ 772 |
| 3. | | | |
| 4. | | | |

### B. Spouse's Non-Investment Income - *If you were married during any portion of the reporting year, complete this section.*
*(Dollar amount not required except for honoraria.)*

☑ NONE *(No reportable non-investment income.)*

| | DATE | SOURCE AND TYPE |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |

## IV. REIMBURSEMENTS -- *transportation, lodging, food, entertainment.*
*(Includes those to spouse and dependent children; see pp. 25-27 of filing instructions.)*

☐ NONE *(No reportable reimbursements.)*

| | SOURCE | DATES | LOCATION | PURPOSE | ITEMS PAID OR PROVIDED |
|---|---|---|---|---|---|
| 1. | J. Reuben Clark Law Society, Orange County Chapter | March 29-30 | Chapman Law School | Religion & the Law Sympos | transportation, lodging, meals, parking |
| 2. | Federal Bar Association, Utah Chapter | September 13-14 | Park City, UT | Tri-State Seminar | transportation, lodging, meals, parking |
| 3. | | | | | |
| 4. | | | | | |
| 5. | | | | | |

**FINANCIAL DISCLOSURE REPORT**
Page 3 of 7

| Name of Person Reporting | Date of Report |
|---|---|
| Bybee, Jay S | 08/20/2008 |

## V. GIFTS. *(Includes those to spouse and dependent children; see pp. 28-31 of filing instructions.)*

☐   NONE *(No reportable gifts.)*

| | SOURCE | DESCRIPTION | VALUE |
|---|---|---|---|
| 1. | Nicholas Bronni, Trevor Dryer, Richard Gabbert, Kristina Wilson | Aquarium and fish | $ 621 |
| 2. | Latham & Watkins, LLP | Legal Services | $ 6,235 |
| 3. | | | |
| 4. | | | |
| 5. | | | |

## VI. LIABILITIES. *(Includes those of spouse and dependent children; see pp. 32-33 of filing instructions.)*

☐   NONE *(No reportable liabilities.)*

| | CREDITOR | DESCRIPTION | VALUE CODE |
|---|---|---|---|
| 1. | Countrywide Mortgage | Mortgage on rental property, Henderson, NV (Part VII, line 23) | M |
| 2. | | | |
| 3. | | | |
| 4. | | | |
| 5. | | | |

# FINANCIAL DISCLOSURE REPORT
Page 4 of 7

| Name of Person Reporting | Date of Report |
|---|---|
| Bybee, Jay S | 08/20/2008 |

## VII. INVESTMENTS and TRUSTS – *income, value, transactions (Includes those of spouse and dependent children; see pp. 34-60 of filing instructions.)*

☐ NONE *(No reportable income, assets, or transactions.)*

| A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period | | C. Gross value at end of reporting period | | D. Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1) Amount Code 1 (A-H) | (2) Type (e.g., div., rent, or int.) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e.g., buy, sell, redemption) | (2) Date Month - Day | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
| 1.  Bank of America | A | Interest | K | T | | | | | |
| 2.  Campus Federal Credit Union | A | Interest | J | T | | | | | |
| 3.  American Funds MMA | A | Interest | K | T | | | | | |
| 4.  Southern California Edison Common Stock | | None | J | T | | | | | |
| 5.  Fidelity Destiny IRA | | None | K | T | | | | | |
| 6.  Washington Mutual IRA | | None | J | T | | | | | |
| 7.  Acacia Life Insurance (whole life) | | None | J | T | | | | | |
| 8.  American General Insurance | | None | J | T | | | | | |
| 9.  TIAA-CREF (retirement) | | None | K | T | | | | | |
| 10.  VALIC (retirement) | | None | M | T | | | | | |
| 11.  --Mid Cap Value Fund | | | | | | | | | See note in Part VIII. |
| 12.  --Mid Cap Index Fund | | | | | | | | | See note in Part VIII. |
| 13.  --Small Cap Index Fund | | | | | | | | | See note in Part VIII. |
| 14.  --International Equities Fund | | | | | | | | | See note in Part VIII. |
| 15.  --International Small Cap Equity Fund | | | | | | | | | See note in Part VIII. |
| 16.  --Stock Index | | | | | | | | | See note in Part VIII. |
| 17.  --Large Cap Value Fund | | | | | | | | | See note in Part VIII. |

| 1 Income Gain Codes: (See Columns B1 and D4) | A =$1,000 or less | B =$1,001 - $2,500 | C =$2,501 - $5,000 | D =$5,001 - $15,000 | E =$15,001 - $50,000 |
|---|---|---|---|---|---|
| | F =$50,001 - $100,000 | G =$100,001 - $1,000,000 | H1 =$1,000,001 - $5,000,000 | H2 =More than $5,000,000 | |
| 2. Value Codes (See Columns C1 and D3) | J =$15,000 or less | K =$15,001 - $50,000 | L =$50,001 - $100,000 | M =$100,001 - $250,000 | |
| | N =$250,001 - $500,000 | O =$500,001 - $1,000,000 | P1 =$1,000,001 - $5,000,000 | P2 =$5,000,001 - $25,000,000 | |
| | P3 =$25,000,001 - $50,000,000 | | P4 =More than $50,000,000 | | |
| 3 Value Method Codes (See Column C2) | Q =Appraisal | R =Cost (Real Estate Only) | S =Assessment | T =Cash Market | |
| | U =Book Value | V =Other | W =Estimated | | |

| FINANCIAL DISCLOSURE REPORT | Name of Person Reporting | Date of Report |
|---|---|---|
| Page 5 of 7 | Bybee, Jay S | 08/20/2008 |

## VII. INVESTMENTS and TRUSTS — income, value, transactions (Includes those of spouse and dependent children; see pp. 34-60 of filing instructions.)

☐ NONE (No reportable income, assets, or transactions.)

| A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period | | C. Gross value at end of reporting period | | D. Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1) Amount Code 1 (A-H) | (2) Type (e.g., div., rent, or int.) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e.g., buy, sell, redemption) | (2) Date Month - Day | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
| 18. --Foreign Value Fund | | | | | | | | | See note in Part VIII. |
| 19. --Socially Responsible Fund | | | | | | | | | See note in Part VIII. |
| 20. --Mid Cap Value Fund | | | | | | | | | See note in Part VIII. |
| 21. Conseco Annuity | | None | K | T | | | | | |
| 22. Buena Lanes (passive partnership) | A | Distribution | J | W | | | | | |
| 23. Virginia Educational Savings Trust | C | Distribution | K | T | | | | | |
| 24. Rental Property, Henderson, NV | A | Rent | M | R | | | | | |

| 1. Income Gain Codes: (See Columns B1 and D4) | A =$1,000 or less | B =$1,001 - $2,500 | C =$2,501 - $5,000 | D =$5,001 - $15,000 | E =$15,001 - $50,000 |
|---|---|---|---|---|---|
| | F =$50,001 - $100,000 | G =$100,001 - $1,000,000 | H1 =$1,000,001 - $5,000,000 | H2 =More than $5,000,000 | |
| 2. Value Codes (See Columns C1 and D3) | J =$15,000 or less | K =$15,001 - $50,000 | L =$50,001 - $100,000 | M =$100,001 - $250,000 | |
| | N =$250,001 - $500,000 | O =$500,001 - $1,000,000 | P1 =$1,000,001 - $5,000,000 | P2 =$5,000,001 - $25,000,000 | |
| | P3 =$25,000,001 - $50,000,000 | | P4 =More than $50,000,000 | | |
| 3. Value Method Codes (See Column C2) | Q =Appraisal | R =Cost (Real Estate Only) | S =Assessment | T =Cash Market | |
| | U =Book Value | V =Other | W =Estimated | | |

| FINANCIAL DISCLOSURE REPORT | Name of Person Reporting | Date of Report |
|---|---|---|
| Page 6 of 7 | Bybee, Jay S | 08/20/2008 |

## VIII. ADDITIONAL INFORMATION OR EXPLANATIONS. *(Indicate part of Report.)*

Part VII:

Lines 11-20:  These qualified plans were added or removed by VALIC (Part VII, line 10) through my managed account participation.   The VALIC account consists of my retirement program from the University of Nevada, Las Vegas, and an individual retirement account (IRA).

| FINANCIAL DISCLOSURE REPORT | Name of Person Reporting | Date of Report |
|---|---|---|
| Page 7 of 7 | Bybee, Jay S | 08/20/2008 |

## IX. CERTIFICATION.

I certify that all information given above (including information pertaining to my spouse and minor or dependent children, if any) is accurate, true, and complete to the best of my knowledge and belief, and that any information not reported was withheld because it met applicable statutory provisions permitting non-disclosure.

I further certify that earned income from outside employment and honoraria and the acceptance of gifts which have been reported are in compliance with the provisions of 5 U.S.C. app. § 501 et. seq., 5 U.S.C. § 7353, and Judicial Conference regulations.

Signature

NOTE: ANY INDIVIDUAL WHO KNOWINGLY AND WILFULLY FALS        FAILS TO FILE THIS REPORT MAY BE SUBJECT TO CIVIL
AND CRIMINAL SANCTIONS (5 U.S.C. app. § 104)

FILING INSTRUCTIONS

Mail signed original and 3 additional copies to:

Committee on Financial Disclosure
Administrative Office of the United States Courts
Suite 2-301
One Columbus Circle, N.E.
Washington, D.C. 20544

Exhibit 5

| AO 10<br>Rev. 1/2008 | **FINANCIAL DISCLOSURE REPORT**<br>**FOR CALENDAR YEAR 2008** | *Report Required by the Ethics*<br>*in Government Act of 1978*<br>*(5 U.S.C. app. §§ 101-111)* |

| 1. Person Reporting (last name, first, middle initial)<br><br>Bybee, Jay S. | 2. Court or Organization<br><br>U.S. Court of Appeals, 9th Cir | 3. Date of Report<br><br>07/10/2009 |
|---|---|---|
| 4. Title (Article III judges indicate active or senior status;<br>magistrate judges indicate full- or part-time)<br><br>Circuit Judge (active) | 5a. Report Type (check appropriate type)<br><br>☐ Nomination,   Date<br>☐ Initial   ☑ Annual   ☐ Final<br><br>5b. ☑ Amended Report | 6. Reporting Period<br><br>01/01/2008<br>to<br>12/31/2008 |
| 7. Chambers or Office Address<br><br>Lloyd D George U.S. Courthouse<br>333 Las Vegas Blvd. S., #7080<br>Las Vegas, NV 89101 | 8. On the basis of the information contained in this Report and any<br>modifications pertaining thereto, it is, in my opinion, in compliance<br>with applicable laws and regulations.<br><br>Reviewing Officer_____ Date_____ | |

*IMPORTANT NOTES: The instructions accompanying this form must be followed. Complete all parts,*
*checking the NONE box for each part where you have no reportable information. Sign on last page.*

# I. POSITIONS. *(Reporting individual only; see pp. 9-13 of filing instructions.)*

☐ NONE *(No reportable positions.)*

| POSITION | NAME OF ORGANIZATION/ENTITY |
|---|---|
| 1. Senior Fellow, Constitutional Law | William S. Boyd School of Law, University of Nevada, Las Vegas |
| 2. | |
| 3. | |
| 4. | |
| 5. | |

# II. AGREEMENTS. *(Reporting individual only; see pp. 14-16 of filing instructions.)*

☐ NONE *(No reportable agreements.)*

| DATE | PARTIES AND TERMS |
|---|---|
| 1. 1991 | TIAA-CREF, academic retirement program |
| 2. 1999 | VALIC, academic retirement program |
| 3. 1999 | Contract with Greenwood Press as co-author for book (published 2006) |

RECEIVED 2009 JUL 16 A 9:54 FINANCIAL DISCLOSURE OFFICE

Bybee_Jay_S

| FINANCIAL DISCLOSURE REPORT Page 2 of 7 | Name of Person Reporting<br><br>Bybee, Jay S. | Date of Report<br><br>07/10/2009 |
|---|---|---|

## III. NON-INVESTMENT INCOME. *(Reporting individual and spouse; see pp. 17-24 of filing instructions.)*

### A. Filer's Non-Investment Income

☐ NONE *(No reportable non-investment income.)*

| DATE | SOURCE AND TYPE | INCOME<br>(yours, not spouse's) |
|---|---|---|
| 1. 2008 | William S. Boyd Law School, University of Nevada Las Vegas -- teaching | $ 15,000 |
| 2. | | |
| 3. | | |
| 4. | | |

### B. Spouse's Non-Investment Income - *If you were married during any portion of the reporting year, complete this section.*
*(Dollar amount not required except for honoraria.)*

☑ NONE *(No reportable non-investment income.)*

| DATE | SOURCE AND TYPE |
|---|---|
| 1. | |
| 2. | |
| 3. | |
| 4. | |

## IV. REIMBURSEMENTS — *transportation, lodging, food, entertainment.*
*(Includes those to spouse and dependent children; see pp. 25-27 of filing instructions.)*

☐ NONE *(No reportable reimbursements.)*

| SOURCE | DATES | LOCATION | PURPOSE | ITEMS PAID OR PROVIDED |
|---|---|---|---|---|
| 1. The Federalist Society for Law & Public Policy Studies | Jan. 30-31 | Columbia Law Sch/Yale Law | Speech/Debate | transportation, lodging, meals, parking |
| 2. | | | | |
| 3. | | | | |
| 4. | | | | |
| 5. | | | | |

| FINANCIAL DISCLOSURE REPORT<br>Page 3 of 7 | Name of Person Reporting<br>Bybee, Jay S. | Date of Report<br>07/10/2009. |
|---|---|---|

## V. GIFTS. *(Includes those to spouse and dependent children; see pp. 28-31 of filing instructions.)*

☐ NONE *(No reportable gifts.)*

| SOURCE | DESCRIPTION | VALUE |
|---|---|---|
| 1. Victoria Schwartz, Philip Scarborough, Zachary Rawling, Mark Kressel | Apple iPod Touch, carrying case, music gift card | $359.00 |
| 2. Latham & Watkins, LLP | Legal Services | $60,074.00 |
| 3. | | |
| 4. | | |
| 5. | | |

## VI. LIABILITIES. *(Includes those of spouse and dependent children; see pp. 32-33 of filing instructions.)*

☐ NONE *(No reportable liabilities.)*

| CREDITOR | DESCRIPTION | VALUE CODE |
|---|---|---|
| 1. Countrywide Mortgage | Mortgage on rental property, Henderson, NV (Part VII, line 29) | M |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |

| FINANCIAL DISCLOSURE REPORT | Name of Person Reporting | Date of Report |
|---|---|---|
| Page 4 of 7 | Bybee, Jay S. | 07/10/2009 |

## VII. INVESTMENTS and TRUSTS -- *income, value, transactions (Includes those of spouse and dependent children; see pp. 34-60 of filing instructions.)*

☐ NONE *(No reportable income, assets, or transactions.)*

| A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period (1) Amount Code 1 (A-H) | (2) Type (e.g., div., rent, or int.) | C. Gross value at end of reporting period (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | D. Transactions during reporting period (1) Type (e.g., buy, sell, redemption) | (2) Date Month - Day | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
|---|---|---|---|---|---|---|---|---|---|
| 1.  Bank of America | A | Interest | K | T | | | | | |
| 2.  Campus Federal Credit Union | A | Interest | J | T | | | | | |
| 3.  American Funds MMA | A | Interest | K | T | | | | | |
| 4.  Southern California Edison Common Stock | | None | J | T | | | | | |
| 5.  Fidelity Destiny IRA | | None | K | T | | | | | |
| 6.  Washington Mutual IRA | | None | J | T | | | | | |
| 7.  Acacia Life Insurance (whole life) | | None | J | T | | | | | |
| 8.  American General Insurance | | None | J | T | | | | | |
| 9.  TIAA-CREF (retirement) | | None | K | T | | | | | |
| 10.  VALIC (retirement) | | None | M | T | | | | | |
| 11.  --Mid Cap Value Fund | | | | | | | | | See note in Part VIII. |
| 12.  --Mid Cap Index Fund | | | | | | | | | See note in Part VIII. |
| 13.  --Small Cap Index Fund | | | | | | | | | See note in Part VIII. |
| 14.  --International Equities Fund | | | | | | | | | See note in Part VIII. |
| 15.  --International Small Cap Equity Fund | | | | | | | | | See note in Part VIII. |
| 16.  --Stock Index | | | | | | | | | See note in Part VIII. |
| 17.  --Large Cap Value Fund | | | | | | | | | See note in Part VIII. |

| 1. Income Gain Codes: (See Columns B1 and D4) | A =$1,000 or less | B =$1,001 - $2,500 | C =$2,501 - $5,000 | D =$5,001 - $15,000 | E =$15,001 - $50,000 |
|---|---|---|---|---|---|
| | F =$50,001 - $100,000 | G =$100,001 - $1,000,000 | H1 =$1,000,001 - $5,000,000 | H2 =More than $5,000,000 | |
| 2. Value Codes (See Columns C1 and D3) | J =$15,000 or less | K =$15,001 - $50,000 | L =$50,001 - $100,000 | M =$100,001 - $250,000 | |
| | N =$250,001 - $500,000 | O =$500,001 - $1,000,000 | P1 =$1,000,001 - $5,000,000 | P2 =$5,000,001 - $25,000,000 | |
| | P3 =$25,000,001 - $50,000,000 | | P4 =More than $50,000,000 | | |
| 3. Value Method Codes (See Column C2) | Q =Appraisal | R =Cost (Real Estate Only) | S =Assessment | T =Cash Market | |
| | U =Book Value | V =Other | W =Estimated | | |

# FINANCIAL DISCLOSURE REPORT
Page 5 of 7

| Name of Person Reporting | Date of Report |
|---|---|
| Bybee, Jay S. | 07/10/2009 |

## VII. INVESTMENTS and TRUSTS -- income, value, transactions (Includes those of spouse and dependent children; see pp. 34-60 of filing instructions.)

☐ NONE (No reportable income, assets, or transactions.)

| A.<br>Description of Assets<br>(including trust assets)<br><br>Place "(X)" after each asset<br>exempt from prior disclosure | B.<br>Income during<br>reporting period<br>(1)<br>Amount<br>Code 1<br>(A-H) | <br><br><br>(2)<br>Type (e.g.,<br>div., rent,<br>or int.) | C.<br>Gross value at end of<br>reporting period<br>(1)<br>Value<br>Code 2<br>(J-P) | <br><br><br>(2)<br>Value<br>Method<br>Code 3<br>(Q-W) | D.<br>Transactions during reporting period<br>(1)<br>Type (e.g.,<br>buy, sell,<br>redemption) | <br><br>(2)<br>Date<br>Month -<br>Day | <br><br>(3)<br>Value<br>Code 2<br>(J-P) | <br><br>(4)<br>Gain<br>Code 1<br>(A-H) | <br><br>(5)<br>Identity of<br>buyer/seller<br>(if private<br>transaction) |
|---|---|---|---|---|---|---|---|---|---|
| 18. --Foreign Value Fund | | | | | | | | | See note in Part VIII. |
| 19. --Socially Responsible Fund | | | | | | | | | See note in Part VIII. |
| 20. --Fixed Account Plus | | | | | | | | -- | See note in Part VIII. |
| 21. --Vanguard Windsor | | | | | | | | | See note in Part VIII. |
| 22. --Blue Chip Growth | | | | | | | | | See note in Part VIII. |
| 23. --Global Real Estate Fund | | | | | | | | | See note in Part VIII. -- |
| 24. --Large Cap Core | | | | | | | | | See note in Part VIII. |
| 25. --International Growth Fund I | | | | | | | | | See note in Part VIII. |
| 26. Conseco Annuity | D | Distribution | J | T | | | | | |
| 27. Buena Lanes (passive partnership) | A | Distribution | J | W | | | | | |
| 28. Virginia Educational Savings Trust | D | Distribution | K | T | | | | | |
| 29. Rental Property, Henderson, NV | A | Rent | M | W | | | | | |

| 1. Income Gain Codes: | A =$1,000 or less | B =$1,001 - $2,500 | C =$2,501 - $5,000 | D =$5,001 - $15,000 | E =$15,001 - $50,000 |
|---|---|---|---|---|---|
| (See Columns B1 and D4) | F =$50,001 - $100,000 | G =$100,001 - $1,000,000 | H1 =$1,000,001 - $5,000,000 | H2 =More than $5,000,000 | |
| 2. Value Codes | J =$15,000 or less | K =$15,001 - $50,000 | L =$50,001 - $100,000 | M =$100,001 - $250,000 | |
| (See Columns C1 and D3) | N =$250,001 - $500,000 | O =$500,001 - $1,000,000 | P1 =$1,000,001 - $5,000,000 | P2 =$5,000,001 - $25,000,000 | |
| | P3 =$25,000,001 - $50,000,000 | | P4 =More than $50,000,000 | | |
| 3. Value Method Codes | Q =Appraisal | R =Cost (Real Estate Only) | S =Assessment | T =Cash Market | |
| (See Column C2) | U =Book Value | V =Other | W =Estimated | | |

| FINANCIAL DISCLOSURE REPORT | Name of Person Reporting | Date of Report |
|---|---|---|
| Page 6 of 7 | Bybee, Jay S. | 07/10/2009 |

## VIII. ADDITIONAL INFORMATION OR EXPLANATIONS. *(Indicate part of Report.)*

Part VII:

Lines 11-25:  These qualified plans were added or removed by VALIC (Part VII, line 10) through my managed account participation.  The VALIC account consists of my retirement program from the University of Nevada, Las Vegas, and an individual retirement account (IRA).

| FINANCIAL DISCLOSURE REPORT<br>Page 7 of 7 | Name of Person Reporting<br><br>Bybee, Jay S. | Date of Report<br><br>07/10/2009 |
|---|---|---|

## IX. CERTIFICATION.

I certify that all information given above (including information pertaining to my spouse and minor or dependent children, if any) is accurate, true, and complete to the best of my knowledge and belief, and that any information not reported was withheld because it met applicable statutory provisions permitting non-disclosure.

I further certify that earned income from outside employment and honoraria and the acceptance of gifts which have been reported are in compliance with the provisions of 5 U.S.C. app. § 501 et. seq., 5 U.S.C. § 7353, and Judicial Conference regulations.

Signature

NOTE: ANY INDIVIDUAL WHO KNOWINGLY AND WILFULLY FALSI[] BE SUBJECT TO CIVIL AND CRIMINAL SANCTIONS (5 U.S.C. app. § 104)

FILING INSTRUCTIONS

Mail signed original and 3 additional copies to:

Committee on Financial Disclosure
Administrative Office of the United States Courts
Suite 2-301
One Columbus Circle, N.E.
Washington, D.C. 20544

Exhibit 6

| AO 10<br>Rev. 1/2010 | **FINANCIAL DISCLOSURE REPORT<br>FOR CALENDAR YEAR 2009** | *Report Required by the Ethics<br>in Government Act of 1978<br>(5 U.S.C. app. §§ 101-111)* |

| 1. Person Reporting (last name, first, middle initial)<br><br>Bybee, Jay S. | 2. Court or Organization<br><br>U.S. Court of Appeals, 9th Cir | 3. Date of Report<br><br>05/13/2010 |
|---|---|---|
| 4. Title (Article III judges indicate active or senior status;<br>magistrate judges indicate full- or part-time)<br><br>Circuit Judge (active) | 5a. Report Type (check appropriate type)<br><br>☐ Nomination,   Date<br>☐ Initial  ☑ Annual  ☐ Final<br>5b. ☐ Amended Report | 6. Reporting Period<br><br>01/01/2009<br>to<br>12/31/2009 |
| 7. Chambers or Office Address<br><br>Lloyd D George U.S. Courthouse<br>333 Las Vegas Blvd. S., #7080<br>Las Vegas, NV 89101 | 8. On the basis of the information contained in this Report and any<br>modifications pertaining thereto, it is, in my opinion, in compliance<br>with applicable laws and regulations.<br><br>Reviewing Officer_____ Date_____ | |

> *IMPORTANT NOTES: The instructions accompanying this form must be followed. Complete all parts,*
> *checking the NONE box for each part where you have no reportable information. Sign on last page.*

## I. POSITIONS. *(Reporting individual only; see pp. 9-13 of filing instructions.)*

☐ NONE *(No reportable positions.)*

| | POSITION | NAME OF ORGANIZATION/ENTITY |
|---|---|---|
| 1. | Trustee | Trust #1 |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |

## II. AGREEMENTS. *(Reporting individual only; see pp. 14-16 of filing instructions.)*

☐ NONE *(No reportable agreements.)*

| | DATE | PARTIES AND TERMS |
|---|---|---|
| 1. | 1991 | TIAA-CREF, academic retirement program |
| 2. | 1999 | VALIC, academic retirement program |
| 3. | 1999 | Contract with Greenwood Press as co-author for book (published 2006) |

Bybee, Jay S.

| FINANCIAL DISCLOSURE REPORT<br>Page 2 of 7 | Name of Person Reporting<br>Bybee, Jay S. | Date of Report<br>05/13/2010 |
|---|---|---|

## III. NON-INVESTMENT INCOME. *(Reporting individual and spouse; see pp. 17-24 of filing instructions.)*

### A. Filer's Non-Investment Income

[✓] NONE *(No reportable non-investment income.)*

| | DATE | SOURCE AND TYPE | INCOME<br>(yours, not spouse's) |
|---|---|---|---|
| 1. | | | |
| 2. | | | |
| 3. | | | |
| 4. | | | |

### B. Spouse's Non-Investment Income – *If you were married during any portion of the reporting year, complete this section.*
*(Dollar amount not required except for honoraria.)*

[ ] NONE *(No reportable non-investment income.)*

| | DATE | SOURCE AND TYPE |
|---|---|---|
| 1. | 2009 | Clark County School District |
| 2. | | |
| 3. | | |
| 4. | | |

## IV. REIMBURSEMENTS – *transportation, lodging, food, entertainment.*
*(Includes those to spouse and dependent children; see pp. 25-27 of filing instructions.)*

[✓] NONE *(No reportable reimbursements.)*

| | SOURCE | DATES | LOCATION | PURPOSE | ITEMS PAID OR PROVIDED |
|---|---|---|---|---|---|
| 1. | | | | | |
| 2. | | | | | |
| 3. | | | | | |
| 4. | | | | | |
| 5. | | | | | |

| FINANCIAL DISCLOSURE REPORT<br>Page 3 of 7 | Name of Person Reporting<br><br>Bybee, Jay S. | Date of Report<br><br>05/13/2010 |
|---|---|---|

## V. GIFTS. *(Includes those to spouse and dependent children; see pp. 28-31 of filing instructions.)*

☐   NONE *(No reportable gifts.)*

| | SOURCE | DESCRIPTION | VALUE |
|---|---|---|---|
| 1. | Latham & Watkins, LLP | Legal Services | $2,507,274.00 |
| 2. | Davis, Polk & Wardwell | Legal Services | $71,129.43 |
| 3. | The Wolf Group | Consulting Services | $40,000.00 |
| 4. | Bybee Legal Expense Fund | Legal Expenses | $25,094.00 |
| 5. | Geoffrey Hazard | Legal Services | $9,600.00 |

## VI. LIABILITIES. *(Includes those of spouse and dependent children; see pp. 32-33 of filing instructions.)*

☐   NONE *(No reportable liabilities.)*

| | CREDITOR | DESCRIPTION | VALUE CODE |
|---|---|---|---|
| 1. | Bank of America | Mortgage on rental property, Henderson, NV (Part VII, line 31) | M |
| 2. | | | |
| 3. | | | |
| 4. | | | |
| 5. | | | |

| FINANCIAL DISCLOSURE REPORT<br>Page 4 of 7 | Name of Person Reporting<br>Bybee, Jay S. | Date of Report<br>05/13/2010 |
|---|---|---|

## VII. INVESTMENTS and TRUSTS -- income, value, transactions (Includes those of spouse and dependent children; see pp. 34-60 of filing instructions.)

☐ NONE (No reportable income, assets, or transactions.)

| A.<br>Description of Assets<br>(including trust assets)<br><br>Place "(X)" after each asset<br>exempt from prior disclosure | B.<br>Income during<br>reporting period | | C.<br>Gross value at end<br>of reporting period | | D.<br>Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1)<br>Amount<br>Code 1<br>(A-H) | (2)<br>Type (e.g.,<br>div., rent,<br>or int.) | (1)<br>Value<br>Code 2<br>(J-P) | (2)<br>Value<br>Method<br>Code 3<br>(Q-W) | (1)<br>Type (e.g.,<br>buy, sell,<br>redemption) | (2)<br>Date<br>mm/dd/yy | (3)<br>Value<br>Code 2<br>(J-P) | (4)<br>Gain<br>Code 1<br>(A-H) | (5)<br>Identity of<br>buyer/seller<br>(if private<br>transaction) |
| 1. Bank of America | A | Interest | K | T | | | | | |
| 2. Campus Federal Credit Union | A | Interest | J | T | | | | | |
| 3. American Funds MMA | A | Interest | K | T | | | | | |
| 4. Southern California Edison Common Stock | | None | J | T | | | | | |
| 5. Fidelity Destiny IRA | | None | K | T | | | | | |
| 6. Washington Mutual IRA | | None | J | T | | | | | |
| 7. Acacia Life Insurance (whole life) | | None | J | T | | | | | |
| 8. American General Insurance | | None | J | T | | | | | |
| 9. TIAA-CREF (retirement) | | None | K | T | | | | | |
| 10. VALIC (retirement) | | None | M | T | | | | | |
| 11. --Mid Cap Value Fund | | | | | | | | | See note in Part VIII. |
| 12. --Mid Cap Index Fund | | | | | | | | | See note in Part VIII. |
| 13. --Small Cap Index Fund | | | | | | | | | See note in Part VIII. |
| 14. --International Equities Fund | | | | | | | | | See note in Part VIII. |
| 15. --International Small Cap Equity Fund | | | | | | | | | See note in Part VIII. |
| 16. --Stock Index | | | | | | | | | See note in Part VIII. |
| 17. --Large Cap Value Fund | | | | | | | | | See note in Part VIII. |

| 1. Income Gain Codes<br>(See Columns B1 and D4) | A =$1,000 or less | B =$1,001 - $2,500 | C =$2,501 - $5,000 | D =$5,001 - $15,000 | E =$15,001 - $50,000 |
|---|---|---|---|---|---|
| | F =$50,001 - $100,000 | G =$100,001 - $1,000,000 | H1 =$1,000,001 - $5,000,000 | H2 =More than $5,000,000 | |
| 2. Value Codes<br>(See Columns C1 and D3) | J =$15,000 or less | K =$15,001 - $50,000 | L =$50,001 - $100,000 | M =$100,001 - $250,000 | |
| | N =$250,001 - $500,000 | O =$500,001 - $1,000,000 | P1 =$1,000,001 - $5,000,000 | P2 =$5,000,001 - $25,000,000 | |
| | P3 =$25,000,001 - $50,000,000 | | P4 =More than $50,000,000 | | |
| 3. Value Method Codes<br>(See Column C2) | Q =Appraisal | R =Cost (Real Estate Only) | S =Assessment | T =Cash Market | |
| | U =Book Value | V =Other | W =Estimated | | |

# FINANCIAL DISCLOSURE REPORT
Page 5 of 7

| Name of Person Reporting | Date of Report |
|---|---|
| Bybee, Jay S. | 05/13/2010 |

## VII. INVESTMENTS and TRUSTS – *income, value, transactions (Includes those of spouse and dependent children; see pp. 34-60 of filing instructions.)*

☐ NONE *(No reportable income, assets, or transactions.)*

| A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period | | C. Gross value at end of reporting period | | D. Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1) Amount Code 1 (A-H) | (2) Type (e.g., div., rent, or int.) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e.g., buy, sell, redemption) | (2) Date mm/dd/yy | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
| 18.   --Foreign Value Fund | | | | | | | | | See note in Part VIII. |
| 19.   --Socially Responsible Fund | | | | | | | | | See note in Part VIII. |
| 20.   --Fixed Account Plus | | | | | | | | | See note in Part VIII. |
| 21.   --Vanguard Windsor | | | | | | | | | See note in Part VIII. |
| 22.   --Blue Chip Growth | | | | | | | | | See note in Part VIII. |
| 23.   --Global Real Estate Fund | | | | | | | | | See note in Part VIII. |
| 24.   --Large Cap Core | | | | | | | | | See note in Part VIII. |
| 25.   --International Growth Fund I | | | | | | | | | See note in Part VIII. |
| 26.   --Small Cap Value Fund | | | | | | | | | See note in Part VIII. |
| 27.   --Mid Cap Growth Fund | | | | | | | | | See note in Part VIII. |
| 28.   Conseco Annuity | D | Distribution | J | T | | | | | |
| 29.   Buena Lanes (passive partnership) | A | Distribution | J | W | | | | | |
| 30.   Virginia Educational Savings Trust | | None | K | T | | | | | |
| 31.   Rental Property, Henderson, NV | A | Rent | M | W | | | | | |

1  Income Gain Codes       A =$1,000 or less        B =$1,001 - $2,500       C =$2,501 - $5,000       D =$5,001 - $15,000        E =$15,001 - $50,000
   (See Columns B1 and D4)  F =$50,001 - $100,000    G =$100,001 - $1,000,000  H1 =$1,000,001 - $5,000,000  H2 =More than $5,000,000
2  Value Codes              J =$15,000 or less        K =$15,001 - $50,000      L =$50,001 - $100,000
   (See Columns C1 and D3)   N =$250,001 - $500,000   O =$500,001 - $1,000,000  P1 =$1,000,001 - $5,000,000  P2 =$5,000,001 - $25,000,000
                             P3 =$25,000,001 - $50,000,000                        P4 =More than $50,000,000
                             Q =Appraisal             R =Cost (Real Estate Only)  S =Assessment
3  Value Method Codes       U =Book Value            V =Other                   W =Estimated                T =Cash Market
   (See Column C2)

**FINANCIAL DISCLOSURE REPORT**
Page 6 of 7

| Name of Person Reporting | Date of Report |
|---|---|
| Bybee, Jay S. | 05/13/2010 |

## VIII. ADDITIONAL INFORMATION OR EXPLANATIONS. *(Indicate part of Report.)*

Part I:

The reportable assets of Trust #1 are listed separately in Part VII.

Part VII:

Lines 11-27: These qualified plans were added or removed by VALIC (Part VII, line 10) through my managed account participation.   The VALIC account consists of my retirement program from the University of Nevada, Las Vegas, and an individual retirement account (IRA).

| FINANCIAL DISCLOSURE REPORT | Name of Person Reporting | Date of Report |
|---|---|---|
| Page 7 of 7 | Bybee, Jay S. | 05/13/2010 |

## IX. CERTIFICATION.

I certify that all information given above (including information pertaining to my spouse and minor or dependent children, if any) is accurate, true, and complete to the best of my knowledge and belief, and that any information not reported was withheld because it met applicable statutory provisions permitting non-disclosure.

I further certify that earned income from outside employment and honoraria and the acceptance of gifts which have been reported are in compliance with the provisions of 5 U.S.C. app. § 501 et. seq., 5 U.S.C. § 7353, and Judicial Conference regulations.

Signature

NOTE: ANY INDIVIDUAL WHO KNOWINGLY AND WILFULLY FALSIF[        ]ECT TO CIVIL
AND CRIMINAL SANCTIONS (5 U.S.C. app. § 104)

---

FILING INSTRUCTIONS

Mail signed original and 3 additional copies to:

Committee on Financial Disclosure
Administrative Office of the United States Courts
Suite 2-301
One Columbus Circle, N.E.
Washington, D.C. 20544

Exhibit 7

AO 10
Rev. 1/2011

# FINANCIAL DISCLOSURE REPORT
## FOR CALENDAR YEAR 2010

*Report Required by the Ethics
in Government Act of 1978
(5 U.S.C. app. §§ 101-111)*

| 1. Person Reporting (last name, first, middle initial) | 2. Court or Organization | 3. Date of Report |
|---|---|---|
| Bybee, Jay S. | U.S. Court of Appeals, 9th Cir | 09/07/2011 |

| 4. Title (Article III judges indicate active or senior status; magistrate judges indicate full- or part-time) | 5a. Report Type (check appropriate type) | 6. Reporting Period |
|---|---|---|
| Circuit Judge (active) | ☐ Nomination, Date ☐ Initial ☑ Annual ☐ Final | 01/01/2010 to 12/31/2010 |
| | 5b. ☑ Amended Report | |

| 7. Chambers or Office Address | 8. On the basis of the information contained in this Report and any modifications pertaining thereto, it is, in my opinion, in compliance with applicable laws and regulations. |
|---|---|
| Lloyd D George U.S. Courthouse 333 Las Vegas Blvd. S., #7080 Las Vegas, NV 89101 | Reviewing Officer_____ Date _____ |

***IMPORTANT NOTES:** The instructions accompanying this form must be followed. Complete all parts, checking the NONE box for each part where you have no reportable information. Sign on last page.*

## I. POSITIONS. *(Reporting individual only; see pp. 9-13 of filing instructions.)*

☐ NONE *(No reportable positions.)*

| | POSITION | NAME OF ORGANIZATION/ENTITY |
|---|---|---|
| 1. | Trustee | Trust #1 |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |

## II. AGREEMENTS. *(Reporting individual only; see pp. 14-16 of filing instructions.)*

☐ NONE *(No reportable agreements.)*

| | DATE | PARTIES AND TERMS |
|---|---|---|
| 1. | 1999 | VALIC, academic retirement program |
| 2. | 1999 | Contract with Greenwood Press as co-author for book (published 2006) |
| 3. | | |

| FINANCIAL DISCLOSURE REPORT | Name of Person Reporting | Date of Report |
|---|---|---|
| Page 2 of 7 | Bybee, Jay S. | 09/07/2011 |

## III. NON-INVESTMENT INCOME. *(Reporting individual and spouse; see pp. 17-24 of filing instructions.)*

### A. Filer's Non-Investment Income

☑ NONE *(No reportable non-investment income.)*

| | DATE | SOURCE AND TYPE | INCOME (yours, not spouse's) |
|---|---|---|---|
| 1. | | | |
| 2. | | | |
| 3. | | | |
| 4. | | | |

### B. Spouse's Non-Investment Income - *If you were married during any portion of the reporting year, complete this section.*

*(Dollar amount not required except for honoraria.)*

☐ NONE *(No reportable non-investment income.)*

| | DATE | SOURCE AND TYPE |
|---|---|---|
| 1. | 2010 | Clark County School District-Salary |
| 2. | | |
| 3. | | |
| 4. | | |

## IV. REIMBURSEMENTS -- *transportation, lodging, food, entertainment.*

*(Includes those to spouse and dependent children; see pp. 25-27 of filing instructions.)*

☐ NONE *(No reportable reimbursements.)*

| | SOURCE | DATES | LOCATION | PURPOSE | ITEMS PAID OR PROVIDED |
|---|---|---|---|---|---|
| 1. | J. Reuben Clark Law Society, Los Angeles Chapter | 12/07/2010 | Brownstein Hyatt Farber Schreck, LLP | Luncheon, Talk | transportation, meal, parking |
| 2. | | | | | |
| 3. | | | | | |
| 4. | | | | | |
| 5. | | | | | |

| FINANCIAL DISCLOSURE REPORT | Name of Person Reporting | Date of Report |
|---|---|---|
| Page 3 of 7 | Bybee, Jay S. | 09/07/2011 |

## V. GIFTS. *(Includes those to spouse and dependent children; see pp. 28-31 of filing instructions.)*

☐  NONE *(No reportable gifts.)*

| | SOURCE | DESCRIPTION | VALUE |
|---|---|---|---|
| 1. | Latham & Watkins, LLP | Legal Services | $678,310.08 |
| 2. | The Wolf Group | Consulting Services | $20,000.00 |
| 3. | Bybee Legal Expense Fund | Legal Expenses | $20,012.00 |
| 4. | Davis, Polk & Wardwell LLP | Legal Services | $5,350.00 |
| 5. | | | |

## VI. LIABILITIES. *(Includes those of spouse and dependent children; see pp. 32-33 of filing instructions.)*

☐  NONE *(No reportable liabilities.)*

| | CREDITOR | DESCRIPTION | VALUE CODE |
|---|---|---|---|
| 1. | Bank of America | Mortgage on rental property, Henderson, NV (Part VII, line 31) | M |
| 2. | | | |
| 3. | | | |
| 4. | | | |
| 5. | | | |

**FINANCIAL DISCLOSURE REPORT**
Page 4 of 7

| Name of Person Reporting | Date of Report |
|---|---|
| Bybee, Jay S. | 09/07/2011 |

## VII. INVESTMENTS and TRUSTS -- income, value, transactions (Includes those of spouse and dependent children; see pp. 34-60 of filing instructions.)

☐ NONE (No reportable income, assets, or transactions.)

| A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period (1) Amount Code 1 (A-H) | (2) Type (e.g., div., rent. or int.) | C. Gross value at end of reporting period (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | D. Transactions during reporting period (1) Type (e.g., buy, sell, redemption) | (2) Date mm/dd/yy | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
|---|---|---|---|---|---|---|---|---|---|
| 1. Bank of America | A | Interest | J | T | | | | | |
| 2. Campus Federal Credit Union | A | Interest | J | T | | | | | |
| 3. American Funds MMA | A | Interest | K | T | | | | | |
| 4. Southern California Edison Common Stock | | None | J | T | | | | | |
| 5. Fidelity Destiny IRA | | None | K | T | | | | | |
| 6. Washington Mutual IRA | | None | J | T | | | | | |
| 7. Acacia Life Insurance (whole life) | | None | J | T | | | | | |
| 8. American General Insurance | | None | J | T | | | | | |
| 9. VALIC (retirement) | | None | M | T | | | | | See note in Part VIII. |
| 10. --Mid Cap Value Fund | | | | | | | | | See note in Part VIII. |
| 11. --Mid Cap Index Fund | | | | | | | | | See note in Part VIII. |
| 12. --Small Cap Index Fund | | | | | | | | | See note in Part VIII. |
| 13. --International Equities Fund | | | | | | | | | See note in Part VIII. |
| 14. --International Small Cap Equity Fund | | | | | | | | | See note in Part VIII. |
| 15. --Stock Index | | | | | | | | | See note in Part VIII. |
| 16. --Large Cap Value Fund | | | | | | | | | See note in Part VIII. |
| 17. --Foreign Value Fund | | | | | | | | | See note in Part VIII. |

1. Income Gain Codes:   A = $1,000 or less   B = $1,001 - $2,500   C = $2,501 - $5,000   D = $5,001 - $15,000   E = $15,001 - $50,000
(See Columns B1 and D4)   F = $50,001 - $100,000   G = $100,001 - $1,000,000   H1 = $1,000,001 - $5,000,000   H2 = More than $5,000,000
2. Value Codes   J = $15,000 or less   K = $15,001 - $50,000   L = $50,001 - $100,000   M = $100,001 - $250,000
(See Columns C1 and D3)   N = $250,001 - $500,000   O = $500,001 - $1,000,000   P1 = $1,000,001 - $5,000,000   P2 = $5,000,001 - $25,000,000
  P3 = $25,000,001 - $50,000,000   P4 = More than $50,000,000
3. Value Method Codes   Q = Appraisal   R = Cost (Real Estate Only)   S = Assessment   T = Cash Market
(See Column C2)   U = Book Value   V = Other   W = Estimated

# FINANCIAL DISCLOSURE REPORT
Page 5 of 7

| Name of Person Reporting | Date of Report |
|---|---|
| Bybee, Jay S. | 09/07 2011 |

## VII. INVESTMENTS and TRUSTS -- *income, value, transactions (Includes those of spouse and dependent children; see pp. 34-60 of filing instructions.)*

☐ NONE *(No reportable income, assets, or transactions.)*

| A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period (1) Amount Code 1 (A-H) | (2) Type (e.g., div., rent. or int.) | C. Gross value at end of reporting period (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | D. Transactions during reporting period (1) Type (e.g., buy, sell, redemption) | (2) Date mm/dd/yy | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
|---|---|---|---|---|---|---|---|---|---|
| 18. --Socially Responsible Fund | | | | | | | | | See note in Part VIII. |
| 19. --Fixed Account Plus | | | | | | | | | See note in Part VIII. |
| 20. --Vanguard Windsor | | | | | | | | | See note in Part VIII. |
| 21. --Blue Chip Growth | | | | | | | | | See note in Part VIII. |
| 22. --Global Real Estate Fund | | | | | | | | | See note in Part VIII. |
| 23. --Large Cap Core | | | | | | | | | See note in Part VIII. |
| 24. --International Growth Fund I | | | | | | | | | See note in Part VIII. |
| 25. --Small Cap Value Fund | | | | | | | | | See note in Part VIII. |
| 26. --Mid Cap Growth Fund | | | | | | | | | See note in Part VIII. |
| 27. --Global Social Awareness | | | | | | | | | See note in Part VIII. |
| 28. Conseco Annuity | D | Distribution | J | T | | | | | |
| 29. Buena Lanes (passive partnership) | A | Distribution | J | W | | | | | |
| 30. Virginia Educational Savings Trust | | None | K | T | | | | | |
| 31. Rental Property, Henderson, NV | A | Rent | M | W | | | | | |

1. Income Gain Codes:    A  $1,000 or less        B  $1,001 - $2,500        C  $2,501 - $5,000        D  $5,001 - $15,000        E  $15,001 - $50,000
   (See Columns B1 and D4)    F  $50,001 - $100,000    G  $100,001 - $1,000,000    H1  $1,000,001 - $5,000,000    H2  More than $5,000,000
2. Value Codes                K  $15,001 - $50,000    L  $50,001 - $100,000    M  $100,001 - $250,000
   (See Columns C1 and D3)    N  $250,001 - $500,000    O  $500,001 - $1,000,000    P1  $1,000,001 - $5,000,000    P2  $5,000,001 - $25,000,000
                              P3  $25,000,001 - $50,000,000                        P4  More than $50,000,000
3. Value Method Codes         Q  Appraisal            R  Cost (Real Estate Only)    S  Assessment            T  Cash Market
   (See Column C2)            U  Book Value            V  Other                    W  Estimated

| FINANCIAL DISCLOSURE REPORT | Name of Person Reporting | Date of Report |
|---|---|---|
| Page 6 of 7 | Bybee, Jay S. | 09 07 2011 |

## VIII. ADDITIONAL INFORMATION OR EXPLANATIONS. *(Indicate part of report.)*

Part I:

The reportable assets of Trust #1 are listed separately in Part VII.

Part VII:

My VALIC account (line 10) consists of a VALIC rollover individual retirement account (IRA) and a traditional IRA.

Lines 11-27 are qualified (pre-tax) plans within my VALIC account (line 10). The qualified plans (lines 11-27) are added or removed by VALIC through a managed account. I have no control over the decisions to add or remove qualified plans; all such decisions are made by the account manager.

| FINANCIAL DISCLOSURE REPORT | Name of Person Reporting | Date of Report |
|---|---|---|
| Page 7 of 7 | Bybee, Jay S. | 09/07/2011 |

## IX. CERTIFICATION.

I certify that all information given above (including information pertaining to my spouse and minor or dependent children, if any) is accurate, true, and complete to the best of my knowledge and belief, and that any information not reported was withheld because it met applicable statutory provisions permitting non-disclosure.

I further certify that earned income from outside employment and honoraria and the acceptance of gifts which have been reported are in compliance with the provisions of 5 U.S.C. app. § 501 et. seq., 5 U.S.C. § 7353, and Judicial Conference regulations.

Signature: **s/ Jay S. Bybee**

NOTE: ANY INDIVIDUAL WHO KNOWINGLY AND WILFULLY FALSIFIES OR FAILS TO FILE THIS REPORT MAY BE SUBJECT TO CIVIL AND CRIMINAL SANCTIONS (5 U.S.C. app. § 104)

Committee on Financial Disclosure
Administrative Office of the United States Courts
Suite 2-301
One Columbus Circle, N.E.
Washington, D.C. 20544

Exhibit 8

AO 10
Rev. 1/2012

**FINANCIAL DISCLOSURE REPORT**
**FOR CALENDAR YEAR 2011**

*Report Required by the Ethics*
*in Government Act of 1978*
*(5 U.S.C. app. §§ 101-111)*

| 1. Person Reporting (last name, first, middle initial) | 2. Court or Organization | 3. Date of Report |
|---|---|---|
| Bybee, Jay S. | U.S. Court of Appeals, 9th Cir | 05/04/2012 |

| 4. Title (Article III judges indicate active or senior status; magistrate judges indicate full- or part-time) | 5a. Report Type (check appropriate type) | 6. Reporting Period |
|---|---|---|
| Circuit Judge (active) | ☐ Nomination   Date<br>☐ Initial   ☑ Annual   ☐ Final | 01/01/2011<br>to<br>12/31/2011 |
| | 5b.   ☐   Amended Report | |

**7. Chambers or Office Address**

Lloyd D George U.S. Courthouse
333 Las Vegas Blvd. S., #7080
Las Vegas, NV 89101

**IMPORTANT NOTES:** *The instructions accompanying this form must be followed. Complete all parts,*
*checking the NONE box for each part where you have no reportable information. Insert signature on last page.*

## I. POSITIONS. *(Reporting individual only; see pp. 9-13 of filing instructions.)*

☐   NONE *(No reportable positions.)*

| | POSITION | NAME OF ORGANIZATION/ENTITY |
|---|---|---|
| 1. | Trustee | Trust #1 |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |

## II. AGREEMENTS. *(Reporting individual only; see pp. 14-16 of filing instructions.)*

☐   NONE *(No reportable agreements.)*

| | DATE | PARTIES AND TERMS |
|---|---|---|
| 1. | 1999 | VALIC, academic retirement program |
| 2. | 1999 | Contract with Greenwood Press as co-author for book (published 2006) |
| 3. | | |

| FINANCIAL DISCLOSURE REPORT | Name of Person Reporting | Date of Report |
|---|---|---|
| Page 2 of 7 | Bybee, Jay S. | 05/04/2012 |

## III. NON-INVESTMENT INCOME. *(Reporting individual and spouse; see pp. 17-24 of filing instructions.)*

### A. Filer's Non-Investment Income

☑ NONE *(No reportable non-investment income.)*

| | DATE | SOURCE AND TYPE | INCOME (yours, not spouse's) |
|---|---|---|---|
| 1. | | | |
| 2. | | | |
| 3. | | | |
| 4. | | | |

### B. Spouse's Non-Investment Income - *If you were married during any portion of the reporting year, complete this section.*

*(Dollar amount not required except for honoraria.)*

☐ NONE *(No reportable non-investment income.)*

| | DATE | SOURCE AND TYPE |
|---|---|---|
| 1. | 2011 | Clark County School District-contract pay |
| 2. | | |
| 3. | | |
| 4. | | |

## IV. REIMBURSEMENTS -- *transportation, lodging, food, entertainment.*

*(Includes those to spouse and dependent children; see pp. 25-27 of filing instructions.)*

☐ NONE *(No reportable reimbursements.)*

| | SOURCE | DATES | LOCATION | PURPOSE | ITEMS PAID OR PROVIDED |
|---|---|---|---|---|---|
| 1. | The Federalist Society, BYU Student Chapter | 03/18/2011-03/19/2011 | Provo, Utah | Luncheon, Talk | transportation, meal, parking |
| 2. | State Bar of Nevada | 06/22/2011-06/25/2011 | Poipu, Kaua'i, Hawaii | Speaker, general session; panelist -- Annual Convention | transportation, lodging meals, parking |
| 3. | | | | | |
| 4. | | | | | |
| 5. | | | | | |

**FINANCIAL DISCLOSURE REPORT**
Page 3 of 7

| Name of Person Reporting | Date of Report |
|---|---|
| Bybee, Jay S. | 05 04 2012 |

## V. GIFTS. *(Includes those to spouse and dependent children; see pp. 28-31 of filing instructions.)*

☐   NONE *(No reportable gifts.)*

| | SOURCE | DESCRIPTION | VALUE |
|---|---|---|---|
| 1. | Latham & Watkins, LLP | Legal Services | $2,983.00 |
| 2. | | | |
| 3. | | | |
| 4. | | | |
| 5. | | | |

## VI. LIABILITIES. *(Includes those of spouse and dependent children; see pp. 32-33 of filing instructions.)*

☐   NONE *(No reportable liabilities.)*

| | CREDITOR | DESCRIPTION | VALUE CODE |
|---|---|---|---|
| 1. | Bank of America | Mortgage on rental property, Henderson, NV (Part VII, line 33) | M |
| 2. | | | |
| 3. | | | |
| 4. | | | |
| 5. | | | |

# FINANCIAL DISCLOSURE REPORT
Page 4 of 7

| Name of Person Reporting | Date of Report |
|---|---|
| Bybee, Jay S. | 05 04 2012 |

## VII. INVESTMENTS and TRUSTS -- income, value, transactions (Includes those of spouse and dependent children; see pp. 34-60 of filing instructions.)

☐ NONE *(No reportable income, assets, or transactions.)*

| | A.<br>Description of Assets<br>(including trust assets)<br><br>Place "(X)" after each asset<br>exempt from prior disclosure | B.<br>Income during<br>reporting period | | C.<br>Gross value at end<br>of reporting period | | D.<br>Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | (1)<br>Amount<br>Code 1<br>(A-H) | (2)<br>Type (e.g.,<br>div., rent,<br>or int.) | (1)<br>Value<br>Code 2<br>(J-P) | (2)<br>Value<br>Method<br>Code 3<br>(Q-W) | (1)<br>Type (e.g.,<br>buy, sell,<br>redemption) | (2)<br>Date<br>mm/dd/yy | (3)<br>Value<br>Code 2<br>(J-P) | (4)<br>Gain<br>Code 1<br>(A-H) | (5)<br>Identity of<br>buyer/seller<br>(if private<br>transaction) |
| 1. | Bank of America | A | Interest | J | T | | | | | |
| 2. | Campus Federal Credit Union | A | Interest | J | T | | | | | |
| 3. | American Funds MMA | A | Interest | K | T | | | | | |
| 4. | Southern California Edison Common Stock | | None | J | T | | | | | |
| 5. | Fidelity Destiny IRA | | None | K | T | | | | | |
| 6. | Washington Mutual IRA | | None | J | T | | | | | |
| 7. | Acacia Life Insurance (whole life) | | None | J | T | | | | | |
| 8. | American General Insurance | | None | J | T | | | | | |
| 9. | VALIC (retirement) | | None | N | T | | | | | See note in Part VIII. |
| 10. | --Mid Cap Value Fund | | | | | | | | | See note in Part VIII. |
| 11. | --Mid Cap Index Fund | | | | | | | | | See note in Part VIII. |
| 12. | --Small Cap Index Fund | | | | | | | | | See note in Part VIII. |
| 13. | --International Equities Fund | | | | | | | | | See note in Part VIII. |
| 14. | --International Small Cap Equity Fund | | | | | | | | | See note in Part VIII. |
| 15. | --Stock Index | | | | | | | | | See note in Part VIII. |
| 16. | --Large Cap Value Fund | | | | | | | | | See note in Part VIII. |
| 17. | --Foreign Value Fund | | | | | | | | | See note in Part VIII. |

| 1. Income Gain Codes<br>(See Columns B1 and D4) | A =$1,000 or less | B =$1,001 - $2,500 | C =$2,501 - $5,000 | D =$5,001 - $15,000 | I =$15,001 - $50,000 |
|---|---|---|---|---|---|
| 2. Value Codes<br>(See Columns C1 and D3) | F =$50,001 - $100,000<br>J =$15,000 or less<br>N =$250,001 - $500,000<br>P3 =$25,000,001 - $50,000,000 | G =$100,001 - $1,000,000<br>K =$15,001 - $50,000<br>O =$500,001 - $1,000,000 | H1 =$1,000,001 - $5,000,000<br>L =$50,001 - $100,000<br>P1 =$1,000,001 - $5,000,000<br>P4 =More than $50,000,000 | H2 =More than $5,000,000<br>M =$100,001 - $250,000<br>P2 =$5,000,001 - $25,000,000 | |
| 3. Value Method Codes<br>(See Column C2) | Q =Appraisal<br>U =Book Value | R =Cost (Real Estate Only)<br>V =Other | S =Assessment<br>W =Estimated | 1  Cash Market | |

**FINANCIAL DISCLOSURE REPORT**
Page 5 of 7

| Name of Person Reporting | Date of Report |
|---|---|
| Bybee, Jay S. | 05 04 2012 |

## VII. INVESTMENTS and TRUSTS -- *income, value, transactions (Includes those of spouse and dependent children; see pp. 34-60 of filing instructions.)*

☐ NONE *(No reportable income, assets, or transactions.)*

| A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period (1) Amount Code 1 (A-H) | (2) Type (e.g., div., rent, or int.) | C. Gross value at end of reporting period (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | D. Transactions during reporting period (1) Type (e.g., buy, sell, redemption) | (2) Date mm/dd/yy | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
|---|---|---|---|---|---|---|---|---|---|
| 18. --Socially Responsible Fund | | | | | | | | | See note in Part VIII. |
| 19. --Fixed Account Plus | | | | | | | | | See note in Part VIII. |
| 20. --Vanguard Windsor | | | | | | | | | See note in Part VIII. |
| 21. --Blue Chip Growth | | | | | | | | | See note in Part VIII. |
| 22. --Global Real Estate Fund | | | | | | | | | See note in Part VIII. |
| 23. --Large Cap Core | | | | | | | | | See note in Part VIII. |
| 24. --International Growth Fund I | | | | | | | | | See note in Part VIII. |
| 25. --Small Cap Value Fund | | | | | | | | | See note in Part VIII. |
| 26. --Mid Cap Growth Fund | | | | | | | | | See note in Part VIII. |
| 27. --Global Social Awareness | | | | | | | | | See note in Part VIII. |
| 28. --Emerging Economies | | | | | | | | | See note in Part VIII. |
| 29. --Invesco Balanced Risk Commodities | | | | | | | | | See note in Part VIII. |
| 30. --Value Fund | | | | | | | | | See note in Part VIII. |
| 31. Buena Lanes (passive partnership) | A | Distribution | J | W | | | | | |
| 32. Virginia Educational Savings Trust | D | Distribution | K | T | | | | | |
| 33. Rental Property, Henderson, NV | A | Rent | M | W | | | | | |

1. Income Gain Codes: (See Columns B1 and D4)
2. Value Codes: (See Columns C1 and D3)
3. Value Method Codes: (See Column C2)

A = $1,000 or less
F = $50,001 - $100,000
J = $15,000 or less
N = $250,001 - $500,000
P3 = $25,000,001 - $50,000,000
Q = Appraisal
U = Book Value

B = $1,001 - $2,500
G = $100,001 - $1,000,000
K = $15,001 - $50,000
O = $500,001 - $1,000,000

R = Cost (Real Estate Only)
V = Other

C = $2,501 - $5,000
H1 = $1,000,001 - $5,000,000
L = $50,001 - $100,000
P1 = $1,000,001 - $5,000,000
P4 = More than $50,000,000
S = Assessment
W = Estimated

D = $5,001 - $15,000
H2 = More than $5,000,000
M = $100,001 - $250,000
P2 = $5,000,001 - $25,000,000

T = Cash Market

L = $15,001 - $50,000

| FINANCIAL DISCLOSURE REPORT | Name of Person Reporting | Date of Report |
|---|---|---|
| Page 6 of 7 | Bybee, Jay S. | 05/04/2012 |

## VIII. ADDITIONAL INFORMATION OR EXPLANATIONS. *(Indicate part of report.)*

Part I:

The reportable assets of Trust #1 are listed separately in Part VII.

Part VII:

My VALIC account (line 9) consists of a VALIC rollover individual retirement account (IRA) and a traditional IRA.

Lines 10-30 are qualified (pre-tax) plans within my VALIC account (line 9). The qualified plans (lines 10-30) are added or removed by VALIC through a managed account. I have no control over the decisions to add or remove qualified plans; all such decisions are made by the account manager.

| FINANCIAL DISCLOSURE REPORT | Name of Person Reporting | Date of Report |
|---|---|---|
| Page 7 of 7 | Bybee, Jay S. | 05 04 2012 |

## IX. CERTIFICATION.

I certify that all information given above (including information pertaining to my spouse and minor or dependent children, if any) is accurate, true, and complete to the best of my knowledge and belief, and that any information not reported was withheld because it met applicable statutory provisions permitting non-disclosure.

I further certify that earned income from outside employment and honoraria and the acceptance of gifts which have been reported are in compliance with the provisions of 5 U.S.C. app. § 501 et. seq., 5 U.S.C. § 7353, and Judicial Conference regulations.

Signature: **s/ Jay S. Bybee**

NOTE: ANY INDIVIDUAL WHO KNOWINGLY AND WILLFULLY FALSIFIES OR FAILS TO FILE THIS REPORT MAY BE SUBJECT TO CIVIL AND CRIMINAL SANCTIONS (5 U.S.C. app. § 104)

Committee on Financial Disclosure
Administrative Office of the United States Courts
Suite 2-301
One Columbus Circle, N.E.
Washington, D.C. 20544

Exhibit 9

| AO 10<br>Rev. 1/2013 | **FINANCIAL DISCLOSURE REPORT**<br>**FOR CALENDAR YEAR 2012** | *Report Required by the Ethics*<br>*in Government Act of 1978*<br>*(5 U.S.C. app. §§ 101-111)* |
|---|---|---|

| 1. Person Reporting (last name, first, middle initial)<br><br>Bybee, Jay S. | 2. Court or Organization<br><br>U.S. Court of Appeals, 9th Cir | 3. Date of Report<br><br>05/10/2013 |
|---|---|---|
| 4. Title (Article III judges indicate active or senior status;<br>magistrate judges indicate full- or part-time)<br><br>Circuit Judge (active) | 5a. Report Type (check appropriate type)<br><br>☐ Nomination    Date<br>☐ Initial   ☑ Annual   ☐ Final<br><br>5b. ☐ Amended Report | 6. Reporting Period<br><br>01/01/2012<br>to<br>12/31/2012 |

| 7. Chambers or Office Address<br><br>Lloyd D George U.S. Courthouse<br>333 Las Vegas Blvd. S., #7080<br>Las Vegas, NV 89101 |
|---|

| ***IMPORTANT NOTES:*** *The instructions accompanying this form must be followed. Complete all parts,*<br>*checking the NONE box for each part where you have no reportable information.* |
|---|

# I. POSITIONS. *(Reporting individual only; see pp. 9-13 of filing instructions.)*

☐ NONE *(No reportable positions.)*

| POSITION | NAME OF ORGANIZATION/ENTITY |
|---|---|
| 1.  Trustee | Trust #1 |
| 2. | |
| 3. | |
| 4. | |
| 5. | |

# II. AGREEMENTS. *(Reporting individual only; see pp. 14-16 of filing instructions.)*

☐ NONE *(No reportable agreements.)*

| DATE | PARTIES AND TERMS |
|---|---|
| 1. 1999 | VALIC, academic retirement program |
| 2. 1999 | Contract with Greenwood Press as co-author for book (published 2006) |
| 3. | |

| FINANCIAL DISCLOSURE REPORT | Name of Person Reporting | Date of Report |
|---|---|---|
| Page 2 of 8 | Bybee, Jay S. | 05/10/2013 |

## III. NON-INVESTMENT INCOME. *(Reporting individual and spouse; see pp. 17-24 of filing instructions.)*

### A. Filer's Non-Investment Income

☑ NONE *(No reportable non-investment income.)*

| | DATE | SOURCE AND TYPE | INCOME (yours, not spouse's) |
|---|---|---|---|
| 1. | | | |
| 2. | | | |
| 3. | | | |
| 4. | | | |

### B. Spouse's Non-Investment Income - *If you were married during any portion of the reporting year, complete this section.*
*(Dollar amount not required except for honoraria.)*

☐ NONE *(No reportable non-investment income.)*

| | DATE | SOURCE AND TYPE |
|---|---|---|
| 1. | 2012 | Clark County School District-salaried, full-time employee |
| 2. | | |
| 3. | | |
| 4. | | |

## IV. REIMBURSEMENTS -- *transportation, lodging, food, entertainment.*
*(Includes those to spouse and dependent children; see pp. 25-27 of filing instructions.)*

☐ NONE *(No reportable reimbursements.)*

| | SOURCE | DATES | LOCATION | PURPOSE | ITEMS PAID OR PROVIDED |
|---|---|---|---|---|---|
| 1. | J. Reuben Clark Law Society | 2/17/2012-2/18/2012 | Palo Alto, California | Speaker-Annual Conference | transportation |
| 2. | Brigham Young University | 10/12/2012 | Provo, Utah | Speaker-Annual Ethics Symposium | transportation, meal, parking |
| 3. | | | | | |
| 4. | | | | | |
| 5. | | | | | |

| FINANCIAL DISCLOSURE REPORT | Name of Person Reporting | Date of Report |
|---|---|---|
| Page 3 of 8 | Bybee, Jay S. | 05/10/2013 |

## V. GIFTS. *(Includes those to spouse and dependent children; see pp. 28-31 of filing instructions.)*

☐   NONE *(No reportable gifts.)*

| | SOURCE | DESCRIPTION | VALUE |
|---|---|---|---|
| 1. | Davis, Polk & Wardwell | Legal services | $2,299.50 |
| 2. | | | |
| 3. | | | |
| 4. | | | |
| 5. | | | |

## VI. LIABILITIES. *(Includes those of spouse and dependent children; see pp. 32-33 of filing instructions.)*

☐   NONE *(No reportable liabilities.)*

| | CREDITOR | DESCRIPTION | VALUE CODE |
|---|---|---|---|
| 1. | Bank of America | Mortgage on rental property, Henderson, NV (Part VII, line 33) | L |
| 2. | | | |
| 3. | | | |
| 4. | | | |
| 5. | | | |

## FINANCIAL DISCLOSURE REPORT
Page 4 of 8

| Name of Person Reporting | Date of Report |
|---|---|
| Bybee, Jay S. | 05/10/2013 |

## VII. INVESTMENTS and TRUSTS -- *income, value, transactions (Includes those of spouse and dependent children; see pp. 34-60 of filing instructions.)*

☐  NONE *(No reportable income, assets, or transactions.)*

| | A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period (1) Amount Code 1 (A-H) | (2) Type (e.g., div., rent, or int.) | C. Gross value at end of reporting period (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | D. Transactions during reporting period (1) Type (e.g., buy, sell, redemption) | (2) Date mm/dd/yy | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
|---|---|---|---|---|---|---|---|---|---|---|
| 1. | Bank of America | A | Interest | J | T | | | | | |
| 2. | Campus Federal Credit Union | A | Interest | J | T | | | | | |
| 3. | American Funds MMA | A | Interest | K | T | | | | | |
| 4. | Southern California Edison Common Stock | | None | J | T | | | | | |
| 5. | Fidelity Destiny IRA | | None | K | T | | | | | |
| 6. | Washington Mutual IRA | | None | J | T | | | | | |
| 7. | Acacia Life Insurance (whole life) | | None | J | T | | | | | |
| 8. | American General Insurance | | None | J | T | | | | | |
| 9. | VALIC (retirement) | | None | N | T | | | | | See note in Part VIII. |
| 10. | --Mid Cap Value Fund | | | | | | | | | See note in Part VIII. |
| 11. | --Mid Cap Index Fund | | | | | | | | | See note in Part VIII. |
| 12. | --Small Cap Index Fund | | | | | | | | | See note in Part VIII. |
| 13. | --International Equities Fund | | | | | | | | | See note in Part VIII. |
| 14. | --Stock Index | | | | | | | | | See note in Part VIII. |
| 15. | --Foreign Value Fund | | | | | | | | | See note in Part VIII. |
| 16. | --Socially Responsible Fund | | | | | | | | | See note in Part VIII. |
| 17. | --Fixed Account Plus | | | | | | | | | See note in Part VIII. |

1. Income Gain Codes: (See Columns B1 and D4)
2. Value Codes (See Columns C1 and D3)
3. Value Method Codes (See Column C2)

A =$1,000 or less
F =$50,001 - $100,000
J =$15,000 or less
N =$250,001 - $500,000
P3 =$25,000,001 - $50,000,000
Q =Appraisal
U =Book Value

B =$1,001 - $2,500
G =$100,001 - $1,000,000
K =$15,001 - $50,000
O =$500,001 - $1,000,000

R =Cost (Real Estate Only)
V =Other

C =$2,501 - $5,000
H1 =$1,000,001 - $5,000,000
L =$50,001 - $100,000
P1 =$1,000,001 - $5,000,000
P4 =More than $50,000,000
S =Assessment
W =Estimated

D =$5,001 - $15,000
H2 =More than $5,000,000
M =$100,001 - $250,000
P2 =$5,000,001 - $25,000,000

T =Cash Market

E =$15,001 - $50,000

| FINANCIAL DISCLOSURE REPORT<br>Page 5 of 8 | Name of Person Reporting<br><br>Bybee, Jay S. | Date of Report<br><br>05/10/2013 |
|---|---|---|

## VII. INVESTMENTS and TRUSTS -- *income, value, transactions (Includes those of spouse and dependent children; see pp. 34-60 of filing instructions.)*

☐ NONE *(No reportable income, assets, or transactions.)*

| A.<br>Description of Assets<br>(including trust assets)<br><br>Place "(X)" after each asset<br>exempt from prior disclosure | B.<br>Income during<br>reporting period | | C.<br>Gross value at end<br>of reporting period | | D.<br>Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1)<br>Amount<br>Code 1<br>(A-H) | (2)<br>Type (e.g.,<br>div., rent,<br>or int.) | (1)<br>Value<br>Code 2<br>(J-P) | (2)<br>Value<br>Method<br>Code 3<br>(Q-W) | (1)<br>Type (e.g.,<br>buy, sell,<br>redemption) | (2)<br>Date<br>mm/dd/yy | (3)<br>Value<br>Code 2<br>(J-P) | (4)<br>Gain<br>Code 1<br>(A-H) | (5)<br>Identity of<br>buyer/seller<br>(if private<br>transaction) |
| 18. --Vanguard Windsor II | | | | | | | | | See note in Part VIII. |
| 19. --Blue Chip Growth | | | | | | | | | See note in Part VIII. |
| 20. --Global Real Estate Fund | | | | | | | | | See note in Part VIII. |
| 21. --Large Cap Core | | | | | | | | | See note in Part VIII. |
| 22. --Small Cap Value Fund | | | | | | | | | See note in Part VIII. |
| 23. --Emerging Economies | | | | | | | | | See note in Part VIII. |
| 24. --Invesco Balanced Risk Commodities | | | | | | | | | See note in Part VIII. |
| 25. --Dividend Value | | | | | | | | | See note in Part VIII. |
| 26. --International Opportunities | | | | | | | | | See note in Part VIII. |
| 27. --Core Bond Fund | | | | | | | | | See note in Part VIII |
| 28. --High Yield Bond Fund | | | | | | | | | See note in Part VIII. |
| 29. --Inflation Protected Fund | | | | | | | | | See note in Part VIII. |
| 30. --Short Term Fixed | | | | | | | | | See note in Part VIII. |
| 31. --Dividend Value | | | | | | | | | See note in Part VIII. |
| 32. --Money Market II | | | | | | | | | See note in Part VIII. |
| 33. Buena Lanes (passive partnership) | A | Distribution | J | W | | | | | |
| 34. Virginia Educational Savings Trust | D | Distribution | K | T | | | | | |

| 1. Income Gain Codes:<br>(See Columns B1 and D4)<br>2. Value Codes<br>(See Columns C1 and D3)<br><br>3. Value Method Codes<br>(See Column C2) | A =$1,000 or less<br>F =$50,001 - $100,000<br>J =$15,000 or less<br>N =$250,000 - $500,000<br>P3 =$25,000,001 - $50,000,000<br>Q =Appraisal<br>U =Book Value | B =$1,001 - $2,500<br>G =$100,001 - $1,000,000<br>K =$15,001 - $50,000<br>O =$500,001 - $1,000,000<br><br>R =Cost (Real Estate Only)<br>V =Other | C =$2,501 - $5,000<br>H1 =$1,000,001 - $5,000,000<br>L =$50,001 - $100,000<br>P1 =$1,000,001 - $5,000,000<br>P4 =More than $50,000,000<br>S =Assessment<br>W =Estimated | D =$5,001 - $15,000<br>H2 =More than $5,000,000<br>M =$100,001 - $250,000<br>P2 =$5,000,001 - $25,000,000<br><br>T =Cash Market | E =$15,001 - $50,000 |
|---|---|---|---|---|---|

| FINANCIAL DISCLOSURE REPORT | Name of Person Reporting | Date of Report |
|---|---|---|
| Page 6 of 8 | Bybee, Jay S. | 05/10/2013 |

## VII. INVESTMENTS and TRUSTS -- *income, value, transactions (Includes those of spouse and dependent children; see pp. 34-60 of filing instructions.)*

☐ NONE *(No reportable income, assets, or transactions.)*

| A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period | | C. Gross value at end of reporting period | | D. Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1) Amount Code 1 (A-H) | (2) Type (e.g., div., rent, or int.) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e.g., buy, sell, redemption) | (2) Date mm/dd/yy | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
| 35. Rental Property, Henderson, NV | A | Rent | M | W | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| 1. Income Gain Codes: (See Columns B1 and D4) | A =$1,000 or less | B =$1,001 - $2,500 | C =$2,501 - $5,000 | D =$5,001 - $15,000 | E =$15,001 - $50,000 |
| | F =$50,001 - $100,000 | G =$100,001 - $1,000,000 | H1 =$1,000,001 - $5,000,000 | H2 =More than $5,000,000 | |
| 2. Value Codes (See Columns C1 and D3) | J =$15,000 or less | K =$15,001 - $50,000 | L =$50,001 - $100,000 | M =$100,001 - $250,000 | |
| | N =$250,001 - $500,000 | O =$500,001 - $1,000,000 | P1 =$1,000,001 - $5,000,000 | P2 =$5,000,001 - $25,000,000 | |
| | P3 =$25,000,001 - $50,000,000 | | P4 =More than $50,000,000 | | |
| 3. Value Method Codes (See Column C2) | Q =Appraisal | R =Cost (Real Estate Only) | S =Assessment | T =Cash Market | |
| | U =Book Value | V =Other | W =Estimated | | |

**FINANCIAL DISCLOSURE REPORT**

Page 7 of 8

| Name of Person Reporting | Date of Report |
|---|---|
| Bybee, Jay S. | 05/10/2013 |

## VIII. ADDITIONAL INFORMATION OR EXPLANATIONS. *(Indicate part of report.)*

Part I:

The reportable assets of Trust #1 are listed separately in Part VII.

Part VII:

My VALIC account (line 9) consists of a VALIC rollover individual retirement account (IRA) and a traditional IRA.

Lines 10-32 are qualified (pre-tax) plans within my VALIC account (line 9). The qualified plans (lines 10-32) are added or removed by VALIC through a managed account. I have no control over the decisions to add or remove qualified plans; all such decisions are made by the account manager.

| FINANCIAL DISCLOSURE REPORT | Name of Person Reporting | Date of Report |
|---|---|---|
| Page 8 of 8 | Bybee, Jay S. | 05/10/2013 |

## IX. CERTIFICATION.

I certify that all information given above (including information pertaining to my spouse and minor or dependent children, if any) is accurate, true, and complete to the best of my knowledge and belief, and that any information not reported was withheld because it met applicable statutory provisions permitting non-disclosure.

I further certify that earned income from outside employment and honoraria and the acceptance of gifts which have been reported are in compliance with the provisions of 5 U.S.C. app. § 501 et. seq., 5 U.S.C. § 7353, and Judicial Conference regulations.

Signature: **s/ Jay S. Bybee**

NOTE: ANY INDIVIDUAL WHO KNOWINGLY AND WILLFULLY FALSIFIES OR FAILS TO FILE THIS REPORT MAY BE SUBJECT TO CIVIL AND CRIMINAL SANCTIONS (5 U.S.C. app. § 104)

Committee on Financial Disclosure
Administrative Office of the United States Courts
Suite 2-301
One Columbus Circle, N.E.
Washington, D.C. 20544