1

2

3

4

5

6

7

8          UNITED STATES DISTRICT COURT

9         NORTHERN DISTRICT OF CALIFORNIA

10

11

RICHARD B. FOX,                              Case No. 04-cv-00874-RS

              Plaintiff,

**ORDER DENYING MOTION TO**
       v.                                       **RELATE CASE**

GOOD SAMARITAN HOSPITAL
MEDICAL STAFF, et al.,

           Defendants.

    Judgment in this action (*Fox I*) was entered in defendants' favor and against plaintiff

Richard B. Fox in March of 2010. The Ninth Circuit affirmed the judgment in February of 2012,

and the Supreme Court denied Fox's petition for a writ of certiorari in October of that year.  Fox,

now a member of the California bar, has filed a new action on his own behalf against defendant

HCA, Holdings, Inc.— *Fox v. HCA Holdings, Inc.*, C15-2073 HRL (*Fox II*).  In the new action,

Fox alleges, in essence, that HCA perpetuated a fraud against the Court of Appeal that led to the

unfavorable appellate ruling against him in *Fox I*.  Pursuant to Civil Local Rule 3-12, HCA has

filed a motion to relate *Fox II* to *Fox I*, arguing that the new case is effectively an attempt to

continue litigating, or to relitigate, the prior controversy, and that therefore reassignment to the

undersigned is warranted under the rule.  Fox has stipulated to having the case related.

    Notwithstanding the parties' views, the two cases are not related within the meaning of the

rule. *Fox II* advances a claim that HCA "exerted improper influence, by as yet undetermined

*United States District Court*
*Northern District of California*

United States District Court
Northern District of California

1   means, to cause a non-random panel assignment" of the appeal in *Fox I,* with the result that an

2   allegedly biased judge purportedly influenced the outcome, despite having recused himself prior to

3   the time the decision was rendered.  The *Fox II* complaint asserts liability under RICO for the

4   alleged "fraud upon the court" and seeks damages, as well as to have the judgment in *Fox I*

5   vacated under Rule 60(d) of the Federal Rules of Civil Procedure.[1]

6   Although the parties in *Fox II* are a subset of those in *Fox I*, none of the factual or legal

7   issues presented in the new action were the subject of the prior case. While Fox's ultimate

8   objective may be to resume the prior litigation, the complaint in *Fox II* does not reassert the prior

9   claims, nor could it, given the existing judgment.  The prior claims cannot and will not be

10  relitigated unless and until Fox were to obtain relief in *Fox II* setting aside the *Fox I* judgment.

11  *See* Rule 60(d) ("This rule does not limit a court's power to . . . entertain an independent action to

12  relieve a party from a judgment . . . or . . . set aside a judgment for fraud on the court.")  While the

13  precise procedure to be followed when such relief is granted is not delineated in the rules, it likely

14  would be appropriate to reopen *Fox I* were Fox to prevail in *Fox II*. Whether the old claims would

15  go forward under the old case number, or under a new third case number, however, the issues

16  presently presented in *Fox II* have no overlap with those litigated in *Fox I*.

17  The claims Fox is now pursuing relate to alleged wrongdoing by HCA in 2011 after

18  judgment in *Fox I* was entered, and involve an alleged attempt to corrupt the judicial system.  *Fox*

19  *I*, in contrast, involved alleged anticompetitive behavior by defendants during the 1990s in

20  connection with Fox's privileges to practice medicine at Good Samaritan Hospital.  The mere fact

21  that the alleged tampering with the judicial process occurred in the context of the prior appeal does

22  not mean that the two actions "concern substantially the same . . .  transaction or event" or make it

23  "likely that there will be an unduly burdensome duplication of labor and expense or conflicting

24  results if the cases are conducted before different Judges."  Rule 3-12.  Accordingly, the motion to

25

26  _____

27  [1]   Fox correctly recognizes that he is time-barred from bringing a motion in this action under Rule 60(b)(3) to set aside the judgment for fraud.

28

CASE NO. 04-cv-00874-RS

1    relate the cases is denied.

2

3    **IT IS SO ORDERED**.

4

5    Dated: June 23, 2015

6    _____

7    RICHARD SEEBORG
     United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CASE NO. 04-cv-00874-RS