1  JONATHAN R. BASS (State Bar No. 75779)
   SKYE LANGS (State Bar No. 287908)
2  COBLENTZ PATCH DUFFY & BASS LLP
   One Ferry Building, Suite 200
3  San Francisco, California 94111-4213
   Telephone: 415.391.4800
4  Facsimile: 415.989.1663
   Email:   ef-jrb@cpdb.com,
5           efilingSDL@cpdb.com

6  Attorneys for Defendant
   HCA HOLDINGS INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| RICHARD B. FOX,<br><br>    Plaintiff,<br><br>    v.<br><br>HCA HOLDINGS INC.,<br><br>    Defendant. | Case No. 5:15-cv -02073 HRL<br><br>**DEFENDANT HCA HOLDINGS INC.'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(b)(1) AND 12(b)(6).**<br><br>Judge:  Hon. Howard R. Lloyd<br>Date:   August 18, 2015<br>Time:   10:00 a.m.<br>Crtrm.:  2<br><br>Complaint Filed: May 7, 2015<br>Trial Date:      None Set |

10621.002 3168306v8                                                      5:15-cv -02073 HRL

**DEFENDANT HCA HOLDINGS INC.'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(b)(1) AND 12(b)(6)**

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on August 18, 2015 at 10 a.m. or as soon thereafter as the matter may be heard, in Courtroom 2 of the San Jose Division for the Northern District of California, located at 280 South 1st Street, San Jose, CA, 95113, Defendant HCA Holdings Inc. will, and hereby do, move the Court for an Order dismissing Plaintiff Richard B. Fox's First Amended Complaint with prejudice pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. This motion is made pursuant to Federal Rules of Civil Procedure 8, 9, and 12, and is based upon the accompanying Memorandum of Points and Authorities, and all the pleadings, records, and files in this action.

DATED: July 8, 2015                        COBLENTZ PATCH DUFFY & BASS LLP


By:        */s/ Jonathan R. Bass*
           Jonathan R. Bass
           Attorneys for Defendant
           HCA HOLDINGS INC.

10621.002 3168306v8                        2                        5:15-cv -02073 HRL

**DEFENDANT HCA HOLDINGS INC.'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(b)(1) AND 12(b)(6)**

COBLENTZ PATCH DUFFY & BASS LLP
One Ferry Building, Suite 200, San Francisco, California 94111-4213
415.391.4800 • Fax 415.989.1663

**TABLE OF CONTENTS**

**Page**

INTRODUCTION .................................................................................................................. 1

RELEVANT FACTUAL ALLEGATIONS ........................................................................... 2

    I.    THE PRIOR LITIGATION ................................................................................ 2

    II.    DR. FOX'S NEW COMPLAINT. ...................................................................... 3

ARGUMENT .......................................................................................................................... 4

    I.    THE COURT LACKS JURISDICTION TO OVERTURN THE COURT OF APPEALS' DECISION, OR TO RECONSIDER ITS OWN SUMMARY JUDGMENT RULING ............................................................... 4

        A.    Legal Standard for a Motion to Dismiss Under Rule 12(b)(1). .................... 4

        B.    The District Court Has No Authority To Disregard The Ninth Circuit's Mandate ............................................................................................ 5

        C.    The Court of Appeals' Ruling Is Res Judicata ............................................. 6

        D.    The Court Lacks Jurisdiction to Vacate Its 2010 Judgment ......................... 6

    II.    DR. FOX FAILS TO STATE A CLAIM FOR RELIEF UNDER RICO ............ 6

        A.    Legal Standard for a Motion to Dismiss Under Rule 12(b)(6). .................... 7

        B.    No Facts Support Dr. Fox's Allegations that HCA Holdings Obstructed Justice ........................................................................................ 7

    III.    DR. FOX'S 60(d) CLAIM IS A BASELESS COLLATERAL ATTACK ON THE DISTRICT COURT'S DECISION ....................................................... 9

        A.    Dr. Fox Fails to Allege Fraud on the Court With Specificity ....................... 9

        B.    Dr. Fox's Rule 60(d) Claim is a Procedurally Improper Collateral Attack on the Outcome of the Underlying Case ......................................... 10

CONCLUSION ..................................................................................................................... 11

COBLENTZ PATCH DUFFY & BASS LLP
One Ferry Building, Suite 200, San Francisco, California 94111-4213
415.391.4800 • Fax 415.989.1663

10621.002 3168306v8        i        5:15-cv -02073 HRL

**DEFENDANT HCA HOLDINGS INC.'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(b)(1) AND 12(b)(6)**

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alan Neuman Prods., Inc. v. Albright*
    862 F.2d 1388 (9th Cir. 1988).................................................................................................10

*Allen v. McCurry*
    449 U.S. 90 (1980) ....................................................................................................................6

*Ashcroft v. Iqbal*
    556 U.S. 662 (2009) ..................................................................................................................7

*U.S. ex rel. Barajas v. Northrop Corp.*
    147 F.3d 905 (9th Cir. 1998).....................................................................................................6

*Bell Atlantic v. Twombly*
    550 U.S. (2007) .........................................................................................................................7

*Carrington v. United States*
    503 F.3d 888 (9th Cir. 2007) *opinion amended on denial of reh'g*, 530 F.3d
    1183 (9th Cir. 2008) ..................................................................................................................5

*Eclectic Properties E., LLC v. Marcus & Millichap Co.*
    751 F.3d 990 (9th Cir. 2014).....................................................................................................7

*Fox v. Good Samaritan L.P.*
    801 F.Supp.2d 883 (2010), *aff'd*, 467 F. App'x 731 (9th Cir. 2012), *cert. denied*,
    133 S. Ct. 218 (2012) ....................................................................................................... *passim*

*Grimmett v. Brown*
    75 F.3d 506 (9th Cir. 1996).......................................................................................................8

*Kane v. Chobani, Inc.*
    973 F.Supp.2d 1120 (N.D. Cal. 2014) ......................................................................................4

*Kokkonen v. Guardian Life Ins. Co. of Am.*
    511 U.S. 375 (1994) ..................................................................................................................4

*McCarthy v. U.S.*
    850 F.2d 558 (9th Cir. 1988).....................................................................................................4

*Petition for Writ of Certiorari*, *Fox v. Good Samaritan Hospital*
    No. 11-1514, 2012 WL 2239738 (U.S.)....................................................................................5

10621.002 3168306v8                                    ii                                    5:15-cv -02073 HRL

**DEFENDANT HCA HOLDINGS INC.'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST
AMENDED COMPLAINT PURSUANT TO FRCP 12(b)(1) AND 12(b)(6)**

*In Re Sanford Fork & Tool Co.*
    160 U.S. 247 (1895) ................................................................................................................5

I*n re SDDS, Inc.*
    225 F.3d 970 (8th Cir. 2000) ..................................................................................................11

*Snell v. Cleveland, Inc.*
    316 F.3d 822 (9th Cir. 2002) ..................................................................................................11

*Starr v. Baca*
    652 F.3d 1202 (9th Cir. 2011) ..................................................................................................7

*Toscano v. C. I. R.*
    441 F.2d 930 (9th Cir. 1971) ..................................................................................................10

*United States v. Estate of Stonehill*
    660 F.3d 415 (9th Cir. 2011) ..............................................................................................9, 10

*United States v. Kellington*
    217 F.3d 1084 (9th Cir. 2000) ..................................................................................................6

**Statutes & Rules**

18 U.S.C. section 1503 ..............................................................................................................7, 8

18 U.S.C. section 1961(1) ..............................................................................................................7

18 U.S.C. section 1962(c) ..........................................................................................................7, 8

42 U.S.C. sections 11101, et seq ....................................................................................................2

Fed. R. Civ. P. section 8(a)(2) ........................................................................................................7

Fed. R. Civ. P. section 9(b) ..............................................................................................9, 10, 11

Fed. R. Civ. P. section 12(b)(1) ......................................................................................................4

Fed. R. Civ. P. section 12(b)(6) ......................................................................................................7

Fed. R. Civ. P. section 60(d) ................................................................................................. *passim*

**Other Authorities**

Fed. R. of App. P., Court Structure and Procedures, p. xvii-xix,
    available at http://cdn.ca9.uscourts.gov/datastore/uploads/rules/frap.pdf ..................................8

COBLENTZ PATCH DUFFY & BASS LLP
One Ferry Building, Suite 200, San Francisco, California 94111-4213
415.391.4800 • Fax 415.989.1663

10621.002 3168306v8                                         iii                                      5:15-cv -02073 HRL

**DEFENDANT HCA HOLDINGS INC.'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(b)(1) AND 12(b)(6)**

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

This lawsuit is an effort to relitigate a dispute that Plaintiff Richard Fox lost years ago. In 2004, he filed an action against the hospital at which he enjoyed privileges, along with several related entities, claiming that he had been unlawfully deprived of his privileges. This Court granted summary judgment against him, and he appealed. The Ninth Circuit affirmed, in a ruling issued on February 3, 2012. *See Fox v. Good Samaritan L.P.*, 801 F.Supp.2d 883 (2010), *aff'd*, 467 F. App'x 731 (9th Cir. 2012), *cert. denied*, 133 S. Ct. 218 (2012) ("*Fox I*"). He has now filed a new action, claiming that the Court of Appeals decision should be disregarded, because, he speculates, HCA Holdings, Inc. ("HCA Holdings") may have somehow manipulated the process by which judges of the Ninth Circuit were appointed to the panel for his case. He speculates further that the make-up of the panel caused him to lose the appeal. He accuses HCA Holdings of a RICO violation for having (perhaps) engineered the panel designation, and seeks relief from the underlying judgment under Rule 60(d) of the Federal Rules of Civil Procedure.

The First Amended Complaint should be dismissed because the Court lacks subject matter jurisdiction to disregard the Court of Appeals' ruling and mandate – notwithstanding Dr. Fox's assertion that the matter was wrongly decided – and because it fails to state a claim upon which relief can be granted. The complaint alleges no facts that could support a plausible inference that HCA Holdings did whatever it is that Dr. Fox imagines it may have done, and Dr. Fox cannot even articulate what HCA Holdings supposedly did. The theory of the claim – that the District Court should treat an affirmance of its judgment as though it were a reversal – presents a claim that is, furthermore, beyond the jurisdiction of the Court to entertain. There is no elaboration of the claim that could salvage it. It should be dismissed with prejudice.

In his First Amended Complaint, Plaintiff Richard Fox alleges that his Ninth Circuit appeal from a District Court judgment in a prior action would have been successful but for the "fact" that Defendant HCA Holdings probably (or might have) manipulated the panel selection process so as to place a particular judge on it. That judge subsequently removed himself, at Dr. Fox's request, and did not take part in the ruling. According to the First Amended Complaint, however, his

presence on the panel somehow influenced the outcome.  The First Amended Complaint purports to plead a RICO claim, and to seek relief from judgement under Federal Rules of Civil Procedure, Rule 60(d).

Dr. Fox premises his claims on the following allegations:  (1) Defendant HCA Holdings somehow caused Judge Jay Bybee to be named the presiding judge in Dr. Fox's appeal, (2) Judge Bybee is biased in favor of HCA Holdings as a result of the pro bono legal counsel he received from HCA Holdings' counsel, (3) Judge Bybee's position as the presiding judge in the case tainted the Ninth Circuit panel and influenced its decision, even though he recused himself and did not participate in the decision, and (4) the outcome of Dr. Fox's appeal would have been different had it been assigned to a different panel.  These allegations are nothing more than a speculative theory, not based in any facts, not pled with any particularity, and presented with the sole aim of reopening an issue that has already been conclusively decided.

Dr. Fox was represented by counsel in *Fox I*, but appears *in pro per* in this case.  He is, however, a licensed attorney, and he merits no special accommodation.  The First Amended Complaint states no claim upon which relief can be granted.  It should be dismissed.

## RELEVANT FACTUAL ALLEGATIONS

### I. THE PRIOR LITIGATION.

Following the revocation of Dr. Fox's privileges in 1999, Dr. Fox sued Good Samaritan Hospital in San Jose and HCA, Inc.  *Fox I*, 801 F.Supp.2d at 886.  In 2010, the District Court granted summary judgement in favor of Good Samaritan and HCA, Inc. because his claims were barred by the Health Care Quality Improvement Act of 1986, 42 U.S.C. §§ 11101, et seq ("HCQIA").  *Id.* at 887, 898.  The claim against HCA, Inc. was additionally barred because it could not be held liable for the alleged wrongs committed by Good Samaritan.  *Id.* at 895-98.

Dr. Fox appealed the District Court's decision.  *See generally Fox I*, 467 F. App'x 731. The Court of Appeals affirmed the District Court's dismissal of Dr. Fox's claims on grounds of HCQIA immunity.  *Id.* at 734.  The Supreme Court declined review of the Ninth Circuit's decision.  *Fox v. Good Samaritan Hosp., L.P.*, 133 S. Ct. 218, 219 (2012).

## II. DR. FOX'S NEW COMPLAINT.

According to Dr. Fox's First Amended Complaint, HCA Holdings[1] violated RICO, obstructed justice, and "perpetrated a fraud upon the court" by "exert[ing] improper influence, by as yet undetermined means, to cause a non-random panel assignment" of judges to hear and decide Dr. Fox's appeal.  Compl. ¶ 2, 6.  Specifically, he alleges that Judge Jay S. Bybee was biased in favor of HCA Inc. because he had been the beneficiary of pro bono services rendered by HCA Inc.'s counsel.  *Id.* ¶ 54.  The theory of the First Amended Complaint is that HCA Holdings somehow rigged the Ninth Circuit panel so that Judge Bybee would be named the presiding judge. *Id.* ¶ 50.

The "facts" underpinning Dr. Fox's conspiracy theory are as follows:  his case was scheduled for oral argument roughly 32 days after he filed his reply brief, which is faster than the average timeline for oral argument in Ninth Circuit cases (*id.* ¶¶ 38-46); the appeal must therefore have been expedited, "although nothing in the record reflects or explains that" (*id.* ¶ 42); the odds of his case being assigned to a panel including Judge Bybee only 32 days after the end of the briefing were supposedly "about 0.02%."  (*id.* ¶ 48); Judge Bybee had received pro bono services from one of HCA Inc.'s law firms (*id.* ¶ 2); although Judge Bybee recused himself at Dr. Fox's request, and did not participate in the ruling, his influence somehow persisted, resulting in an affirmance of the judgment.  *Id.* ¶ 5, 6.

The First Amended Complaint does not say *how* HCA Holdings managed to insert itself into the internal panel selection mechanics of the Ninth Circuit, nor for that matter, does it squarely say that HCA Holdings did so.  It is just a "plausible" inference:

> Given the fact that it has been admitted that non-random assignments occurred in the Ninth Circuit in 2011 without explanation on the record, and the implausibility of simple good fortune as the sole explanation for the panel assignment in this case, it is plausible that someone intervened in the assignment of the Fox appeal to steer it to Judge Bybee's panel.  The most plausible person or entity to have undertaken such an intervention is defendant HCA, with the possible involvement of others by

---

[1] The First Amended Complaint appears to conflate HCA Holdings, the entity Dr. Fox has sued in this action, with HCA Inc., the entity he sued in *Fox I*.

10621.002 3168306v8                          3                             5:15-cv -02073 HRL

**DEFENDANT HCA HOLDINGS INC.'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(b)(1) AND 12(b)(6)**

1  a process as yet undetermined.

2  *Id.* ¶ 50. Dr. Fox believes, in other words, but has no facts to support his belief, that HCA

3  Holdings influenced the Ninth Circuit panel selection process.  See *id.* ¶¶ 2, 54.

4  Dr. Fox alleges that "[h]ad the case been assigned to an impartial panel in the first place"

5  and "[h]ad the post-recusal panel known of HCA's misconduct in the appeal," the appeal would

6  have been decided in his favor.  *Id.* ¶ 56.  Other than some dicta from an unpublished Ninth

7  Circuit opinion in a factually distinguishable case, and the fact that the Ninth Circuit's decision in

8  Dr. Fox's case "closely reflected the comments made by [Judge Bybee] at oral argument," Dr. Fox

9  provides no factual support for his speculation that a different original panel composition would

10 have resulted in a different outcome.  *See id.* ¶¶ 5, 51, 52, 56.

## ARGUMENT

**I.   THE COURT LACKS JURISDICTION TO OVERTURN THE COURT OF APPEALS' DECISION, OR TO RECONSIDER ITS OWN SUMMARY JUDGMENT RULING.**

   **A.   Legal Standard for a Motion to Dismiss Under Rule 12(b)(1).**

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) "will be granted if the Complaint on its face fails to allege facts sufficient to establish subject matter jurisdiction."  *Kane v. Chobani, Inc.,* 973 F.Supp.2d 1120, 1126 (N.D. Cal. 2014).  The party asserting jurisdiction bears the burden of persuasion and must demonstrate that his complaint falls within the federal court's Constitutional or statutory purview.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Kane*, 973 F.Supp.2d at 1126.  A court may consider evidence outside the face of the pleadings, without converting the motion into one for summary judgment, in order to resolve factual disputes regarding jurisdiction.  *McCarthy v. U.S.*, 850 F.2d 558, 560 (9th Cir. 1988).

Dr. Fox is asking this Court to change the outcome of *Fox I*, either by overturning the Court of Appeals decision or by reconsidering its grant of summary judgment.  This Court lack jurisdiction to do either of these things.

**B.  The District Court Has No Authority To Disregard The Ninth Circuit's Mandate.**

The gravamen of the First Amended Complaint is that *this* Court erred when it granted summary judgment dismissing Dr. Fox's previous lawsuit, *Fox I*, and the *Court of Appeals* rendered an erroneous decision affirming that ruling. Dr. Fox spices up his narrative about how both courts erred with his personal suspicions about skullduggery involving the Ninth Circuit panel assignment. Putting to one side the fact that none of Dr. Fox's charges concerning how the panel that heard his appeal was initially determined are backed by anything other than speculation, the District Court lacks jurisdiction to entertain the claim. The core of Dr. Fox's new lawsuit – and, upon examination, one quickly realizes that there is nothing "new" about it – is that this Court erred in dismissing his case, and that the Ninth Circuit erred when it affirmed that dismissal.[2] But the District Court does not sit in judgment over the merits of a Court of Appeals ruling, and it has no authority to disregard the mandate issued by that Court.

Dr. Fox's claims run counter to a fundamental principle of litigation: that the Court of Appeals, not the District Court, has the last word. Once an issue has been decided by the Court of Appeal, "whatever was before [the] court, and disposed of by its decree, is considered as finally settled." *In Re Sanford Fork & Tool Co.*, 160 U.S. 247, 255 (1895). The District Court "cannot vary it, or examine it for any other purpose than execution; or give any other or further relief; or review it, even for apparent error, upon any matter decided on appeal; or intermeddle with it, further than to settle so much as has been remanded. *Id.*

This Court does not have the power to recall the mandate of the Court of Appeals after the entry of final judgment. *Carrington v. United States*, 503 F.3d 888, 892-93 (9th Cir. 2007) *opinion amended on denial of reh'g*, 530 F.3d 1183 (9th Cir. 2008). At most, the District Court

---

[2] Although his complaint does not mention it, Dr. Fox filed a petition for certiorari to the Supreme Court, but it was denied. One of the grounds for his cert petition, by the way, was the very same one that he presents here: that Judge Bybee should not have been assigned to the panel hearing his appeal. *See Petition for Writ of Certiorari*, *Fox v. Good Samaritan Hospital*, No. 11-1514, 2012 WL 2239738, at *31-37 (U.S.).

**DEFENDANT HCA HOLDINGS INC.'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(b)(1) AND 12(b)(6)**

can act on any "issue not expressly or impliedly disposed of on appeal." *United States v. Kellington*, 217 F.3d 1084, 1094 (9th Cir. 2000).  But there *was* no issue presented by the underlying case that was not disposed of on appeal.  This Court entered judgment on all of Dr. Fox's claims, and the Ninth Circuit affirmed.  *See Fox I*, 467 F. App'x at 734.  Dr. Fox is asking this Court to find that the Ninth Circuit decision was incorrect, and by extension, that Dr. Fox's claims were not barred by HCQIA immunity.  Compl. ¶ 6.  This Court does not have that power.

### C. The Court of Appeals' Ruling Is Res Judicata.

Beyond the fact that he is asking this Court to proceed in direct disregard of the Ninth Circuit's ruling in *Fox I*, Dr. Fox is also insisting that the Court allow him to re-litigate the precise issues decided against him in that previous action.  Under the principles of res judicata, "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Allen v. McCurry*, 449 U.S. 90, 94 (1980); *see also U.S. ex rel. Barajas v. Northrop Corp.*, 147 F.3d 905, 910 (9th Cir. 1998) (barring plaintiff from bringing claims arising out of the "same transactional nucleus of fact" in a separate proceeding).

The Court of Appeals affirmed *Fox I* on the ground that Dr. Fox's claims were barred by HCQIA immunity.  *See Fox I*, 467 F. App'x at 734.  Dr. Fox's current suit alleges that the District Court and the Ninth Circuit got it wrong.  Compl. ¶¶ 51, 52.  In order to succeed on that claim, Dr. Fox would have to prove that his claims in *Fox I* were *not* barred by HCQIA immunity.  He is absolutely barred by the prior judgment from presenting that claim.

### D. The Court Lacks Jurisdiction to Vacate Its 2010 Judgment.

Both counts of the First Amended Complaint seek to circumvent the prior judgment.  Count I, which seeks to state a RICO claim, does so indirectly.  Count II, which invokes Rule 60(d) of the Federal Rules of Civil Procedure, does so explicitly.  But the Court lacks jurisdiction to grant any relief predicated on the premise that its judgment was wrong.

## II. DR. FOX FAILS TO STATE A CLAIM FOR RELIEF UNDER RICO.

This Court lacks jurisdiction to entertain Dr. Fox's claims.  But in the event this Court finds

1  jurisdiction, it should nonetheless dismiss Dr. Fox's complaint with prejudice because he cannot
2  allege any factual allegations giving rise to a plausible claim for relief, nor would he be able to do
3  so if granted leave to amend.

### A. Legal Standard for a Motion to Dismiss Under Rule 12(b)(6).

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This standard requires "more than labels and conclusions.... Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic v. Twombly*, 550 U.S. at 555 (2007); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.").

To withstand a Rule 12(b)(6) motion, the factual allegations in a complaint must be sufficient to state a claim for relief that is plausible on its face, "such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216; *see also Twombly*, 550 U.S. at 570.  A plausible claim requires factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  This factual content must be more than "merely consistent with a defendant's liability"; it must also "tend[] to exclude the defendant's innocuous alternative explanation." *Eclectic Properties E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014).

### B. No Facts Support Dr. Fox's Allegations that HCA Holdings Obstructed Justice.

Dr. Fox's first claim for relief invokes the RICO Statute, 18 U.S.C. Section 1962(c), which makes it unlawful for a person to conduct or participate in an enterprise through a pattern of racketeering activity.  Dr. Fox characterizes the alleged "racketeering activity" as "obstructing justice."  Compl. ¶¶ 54, 57; *see* 18 U.S.C. § 1961(1); 18 U.S.C. § 1503.  There are no facts to

10621.002 3168306v8    7    5:15-cv -02073 HRL

**DEFENDANT HCA HOLDINGS INC.'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(b)(1) AND 12(b)(6)**

support that claim.[3]

Obstruction of justice means the use of corruption, threat, or force to "influence, obstruct, or impede, the due administration of justice." 18 U.S.C. § 1503(a).  There is no *factual* allegation that HCA Holdings engaged in any such activity.  The First Amended Complaint hypothesizes that someone may have influenced the Ninth Circuit's internal processes of designating the panel and scheduling oral argument, and that the "plausible" suspect is HCA Holdings.  Compl. ¶ 50.  None of this even comes close to meeting the federal pleading standards.

The allegations that the appeal was heard on a shorter timeline than similar cases before the Ninth Circuit, and that the odds of Judge Bybee being assigned to his case were very low, is unsubstantiated speculation, wrapped in nonsensical pseudo statistics.  Ninth Circuit appeals are calendared on a case-by-case basis, rendering any comparisons between the scheduling of different cases essentially meaningless.  *See* Fed. R. of App. P.*,* Court Structure and Procedures, p. xvii-xix, available at http://cdn.ca9.uscourts.gov/datastore/uploads/rules/frap.pdf (describing how cases are reviewed, "weigh[ed] . . . by type, issue, and difficulty," and assigned in a manner designed to balance the workload of judges).  Not a single *fact* in Dr. Fox's complaint suggests that anything other than the usual assignment process was at play in his case.

Even if the scheduling of Dr. Fox's appeal reflected some sort of statistical anomaly, it is in the nature of statistics that rare events occur.  If that were not the case, then everyone and everything would be "average."  The First Amended Complaint fails to allege, factually, that anything *improper* occurred, or that HCA Holdings committed an improper act.  *See* Compl. ¶¶ 2, 54 (alleging that HCA Holdings acted "by as yet undetermined means" and "through means yet

---

[3] In addition to failing to plead facts sufficient to create a plausible inference that HCA Holdings obstructed justice, Dr. Fox has failed to plead the other required elements of a RICO claim. To state a civil RICO claim under Section 1962(c), a plaintiff must plead: "(1) conduct 2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to the plaintiff's 'business or property'". *Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996). Dr. Fox has not pled neither a "pattern" of such activities or the existence of an enterprise, nor has he identified how he has been injured in his business or property.

10621.002 3168306v8    8    5:15-cv -02073 HRL

**DEFENDANT HCA HOLDINGS INC.'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(b)(1) AND 12(b)(6)**

unknown").[4]

There is, finally, nothing in the First Amended Complaint to support the wholly conclusory assertion that Judge Bybee's alleged bias affected the outcome of Dr. Fox's appeal. *See id.* ¶ 56. Fox alleges that Judge Bybee's presence on the original panel "tainted" the outcome of the appeal, even after he recused himself, because the Ninth Circuit's opinion "reflected comments made by the presiding judge at oral argument" which "suggest[s]" that Judge Bybee influenced the panel that actually decided the case. *Id.* ¶ 5. Dr. Fox lost his appeal because his claims were barred as a matter of law.[5] The Ninth Circuit, in a unanimous three-judge decision, upheld the decision by the District Court. *See Fox I*, 467 F. App'x 731, *cert. denied*, 133 S. Ct. 218.

### III. DR. FOX'S 60(d) CLAIM IS A BASELESS COLLATERAL ATTACK ON THE DISTRICT COURT'S DECISION.

Dr. Fox's second claim seeks relief from the District Court's 2010 dismissal of his complaint in *Fox I*. Compl. ¶ 60. Dr. Fox claims an entitlement to relief under Rule 60(d) by virtue of HCA Holdings' alleged fraud on the court in the course of his Ninth Circuit appeal. Compl. ¶ 60. This claim is not pled with any specificity, nor does it meet the heightened pleading standard governing fraud claims. Fed. R. Civ. P. 9(b). It is, moreover, a procedurally improper collateral attack on the outcome of the underlying case.

#### A. Dr. Fox Fails to Allege Fraud on the Court With Specificity.

Dr. Fox asserts that the 2010 judgment should be set aside because HCA Holdings "perpetrated a fraud upon the court." Compl. ¶ 60. Fraud on the court involves "far more than an injury to a single litigant"; the fraud must compromise the integrity of the judicial process. *United States v. Estate of Stonehill*, 660 F.3d 415, 444 (9th Cir. 2011) (quoting *Hazel-Atlas Glass Co. v.*

---

[4] Further, Dr. Fox does not allege facts demonstrating that Judge Bybee was biased toward HCA Holdings as the result of the pro bono legal services he received from the law firm that had also represented HCA. Compl. ¶¶ 2, 54. The law firm's pro bono representation of Judge Bybee had nothing to do with HCA.

[5] Tellingly, Dr. Fox cites no legal authority supporting his position that his appeal should have been decided differently. Dr. Fox cites only dicta in a single unpublished case, which did not reach the issue upon which *Fox I* turned. Compl. ¶ 51.

COBLENTZ PATCH DUFFY & BASS LLP
One Ferry Building, Suite 200, San Francisco, California 94111-4213
415.391.4800 • Fax 415.989.1663

*Hartford-Empire Co.*, 322 U.S. 238, 246 (1944)).  This definition "should be read narrowly, in the interest of preserving the finality of judgments, which is an important legal and social interest." *Toscano v. C. I. R.*, 441 F.2d 930, 934 (9th Cir. 1971).  Additionally, because "the power to vacate for fraud on the court is so great, and so free from procedural limitations," courts must exercise this power "with restraint and discretion."  *Estate of Stonehill*, 660 F.3d at 443-44.

Where claims sound in fraud, the allegations must be pled with even greater specificity, "stat[ing] the time, place, and specific content" of the fraudulent conduct, as well as the "identities of the parties" involved in the fraud.  Fed. R. Civ. P. 9(b); *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392-93 (9th Cir. 1988).  Dr. Fox's factually deficient allegations fail to support a plausible inference that HCA Holdings defrauded the Court, nor do they satisfy the heightened pleading standard for fraud.  Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.").  It is a "fatal defect" under Rule 9(b) if the allegations include "no specifics of time, place, or nature" of the alleged fraud.  *Alan Neuman Prods.*, 862 F.2d at 1392.

Dr. Fox does not allege the identities of any individuals at HCA Holdings (or at the Ninth Circuit) who caused Judge Bybee to be assigned to the panel that heard Dr. Fox's appeal.  Compl. ¶ 2.  He does not say when, where, or how HCA Holdings infiltrated the Ninth Circuit and manipulated its internal processes.  *See id.* ¶ 50.  Dr. Fox states that HCA Holdings rigged the panel by "as yet undetermined means," and that it is "plausible" that "someone" intervened.  *Id.* ¶¶ 2, 50.  He concludes that the "most plausible" party to do so is HCA Holdings, "with the possible involvement of others by a process as yet undetermined."  *Id.* ¶¶ 2, 50.  These vague allegations do not satisfy the heightened pleading standard for fraud.  Indeed they would not satisfy even the most lenient pleading standard; Dr. Fox is unable to explain, or even guess, how HCA Holdings perpetrated this imagined fraud on the court.  *Id.* ¶ 50.

**B.  Dr. Fox's Rule 60(d) Claim is a Procedurally Improper Collateral Attack on the Outcome of the Underlying Case.**

In addition to failing to meet the heightened pleading standard for fraud on the court, the

COBLENTZ PATCH DUFFY & BASS LLP
One Ferry Building, Suite 200, San Francisco, California 94111-4213
415.391.4800 • Fax 415.989.1663

1  Rule 60(d) claim is also an improper collateral attack on a final judgment.  Motions for relief from

2  judgement "cannot be used to relitigate the merits of a district court's prior judgment in lieu of a

3  timely appeal, nor can it be used to collaterally attack a final court of appeals' ruling in lieu of a

4  proper petition for review in the United States Supreme Court."  I*n re SDDS, Inc.*, 225 F.3d 970,

5  972 (8th Cir. 2000); *see also Snell v. Cleveland, Inc.*, 316 F.3d 822, 827 (9th Cir. 2002)

6  (prohibiting a collateral attack on diversity jurisdiction in a separate proceeding where the court in

7  the underlying proceeding had entered final judgment and closed the case).

8      Dr. Fox has exhausted his appeals of the District Court's grant of summary judgment.  *See*

9  *Fox I*, 467 F. App'x 731, *cert. denied*, 133 S. Ct. 218.  He cannot now relitigate the merits of *Fox I*

10  by filing a new case alleging that, but for HCA Holdings' mysterious manipulation of the Court of

11  Appeals panel selection process, he would have obtained a reversal of the judgment.

## CONCLUSION

13      Dr. Fox alleges a scheme by HCA Holdings, the Ninth Circuit, and members of the bench

14  to influence the outcome of *Fox I*.  His allegations are wholly conclusory, utterly implausible, and

15  unsupported by any facts.  Dr. Fox has failed to allege that HCA Holdings obstructed justice, and

16  he has not alleged fraud on the court with anything close to the specificity required by Rule 9(b).

17  This action is nothing more than an improper collateral attack on a final judgment, and a thinly

18  veiled attempt to relitigate an issue that has already been decided.  It should be dismissed without

19  leave to amend.

21  DATED: July 8, 2015                    COBLENTZ PATCH DUFFY & BASS LLP

23                                  By:    */s/ Jonathan R. Bass*
24                                     JONATHAN R. BASS
                                   Attorneys for Defendant
25                                     HCA HOLDINGS INC.

COBLENTZ PATCH DUFFY & BASS LLP
One Ferry Building, Suite 200, San Francisco, California 94111-4213
415.391.4800 • Fax 415.989.1663