Richard B. Fox(SBN 283447)
800 Pollard Rd.
Ste. B205
Los Gatos, CA 95032
Telephone: (408) 370-0110
Facsimile:   (408) 871-1210

Attorney for Plaintiff
RICHARD B. FOX, M.D.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RICHARD B. FOX, | ) | **No. 5:15-cv-02073** |
| | ) | |
| Plaintiff, | ) | **MOTION TO ASSIGN DISTRICT** |
| | ) | **JUDGE** |
| vs. | ) | |
| | ) | |
| HCA HOLDINGS INC., | ) | |
| | ) | |
| Defendant. | ) | |

*Fox v. HCA*

**MOTION**

Plaintiff Richard B. Fox ("Fox") moves that this proceeding by re-assigned to the Judge Richard Seeborg.

**ARGUMENT**

Defendant HCA Holdings, Inc. ("HCA") today filed a declination to proceed before a magistrate judge in this proceeding.[1]  The district court then sent out a "CLERK'S NOTICE OF IMPENDING REASSIGNMENT TO A U.S. DISTRICT COURT JUDGE."[2]

This is not HCA's first attempt to re-assign this case.  On June 22 of this year HCA filed an "Administrative Motion To Consider Whether Cases Should Be Related" seeking to have this case related to other long-concluded litigation between the parties, *Fox v. Good Samaritan Hospital, et al.*[3]  HCA's argument was that the present case, Fox II, was an attempt by Fox to re-animate the previously closed case, Fox I.  HCA basically made a *res judicata* argument for relating the cases.

That motion was referred to Judge Richard Seeborg, who presided over Fox I.  In a carefully reasoned opinion, Judge Seeborg ruled that the cases were not related because the causes of action in the two cases were quite different and arose from different events.[4]  He did, however, recognize that if Fox prevailed in Fox II, it would result in re-opening Fox I, either under its original case number or a new case number. *Id.*

Yesterday HCA filed its responsive pleading to the First Amended Complaint, a motion to dismiss under Fed.R.Civ.Proc. Rules 12(b)(1) and 12(b)(6).[5]  Notwithstanding Judge Seeborg's recent finding that, "the complaint in Fox II does not reassert the prior [*Fox I*] claims..."[6], HCA

---

[1] Declination To Proceed Before A Magistrate Judge, July 9, 2015, Docket # 12.

[2] Clerk's Notice, July 9, 2015, Docket # 13.

[3] *Fox v. Good Samaritan Hospital, et al.*, Northern District of California case number 5:04cv00874-RS, Docket # 569.

[4] Order Denying Motion To Relate Case, June 23, 2015, Docket # 9, at p. 2.

[5] HCA's Motion To Dismiss, July 8, 2015, Docket # 10.

[6] Order Denying Motion To Relate Case, June 23, 2015, Docket # 9, at p. 2.

---

argued yet again in its Rule 12 motion that Fox I is *res judicata* as to Fox II.[7]

Notwithstanding Judge Seeborg's ruling that Fox I and Fox II do not meet the criteria set forth under Civil Local Rule 3-12(a)(1) for related cases, Fox is of the view that HCA should, nonetheless, have its wish granted to have Fox II heard before Judge Seeborg. This will also have the advantage of reducing the possibility of conflicting results, as anticipated under Civil Local Rule 3-12(a)(2), and as exemplified by the *res judicata* issue presented in HCA's currently pending Motion to Dismiss.

Furthermore, should Fox succeed in his Rule 60(d) motion and Fox I is re-opened before Judge Seeborg, it would be more efficient to have both Fox I and Fox II heard in a consolidated proceeding before Judge Seeborg.

Dated: July 9, 2015

Richard B. Fox, Plaintiff *Pro Se*

---

[7] HCA's Motion To Dismiss, June 8, 2015, Docket # 10, at p. 6.