UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RICHARD B. FOX,<br><br>  Plaintiff,<br><br>  v.<br><br>HCA HOLDINGS, INC.,<br><br>  Defendant. | Case No. 15-CV-02073-LHK<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Re:  Dkt. No. 10 |

Plaintiff Richard B. Fox sues Defendant HCA Holdings, Inc. for allegedly perpetrating a fraud against the U.S. Court of Appeals for the Ninth Circuit, which led to an unfavorable ruling against Plaintiff in *Fox v. Good Samaritan Hosp. LP ("Fox I")*, 801 F. Supp. 2d 883 (N.D. Cal. 2010), *aff'd*, 467 Fed. App'x 731 (9th Cir. 2012). ECF No. 6 (First Amended Complaint, or "FAC").  Before the Court is Defendant's Motion to Dismiss.  ECF No. 10.  Having considered the submissions of the parties, the relevant law, and the record in this case, the Court hereby GRANTS Defendant's motion to dismiss Plaintiff's Rule 60(d) claim with prejudice, and Plaintiff's RICO claim with leave to amend.

## I. BACKGROUND

### A. Factual Background

#### 1. *Fox I*

In the instant case, Plaintiff alleges that Defendant exerted improper influence to cause a non-random assignment of the Ninth Circuit panel considering the appeal of *Fox I*, with the result that an allegedly biased judge influenced the outcome of *Fox I*. FAC ¶ 2. As the factual and procedural history of *Fox I* are relevant to this action, the Court briefly summarizes that litigation.

On March 4, 2004, Plaintiff sued Good Samaritan Hospital ("GSH"), GSH's corporate parent, HCA, Inc.,[1] and others in the U.S. District Court for the Northern District of California. *Fox I*, 801 F. Supp. 2d at 885-86. Plaintiff alleged retaliation under California law and violations of federal antitrust law based on the suspension of Plaintiff's privileges to practice pediatrics at GSH. *Id.* U.S. District Judge Richard Seeborg denied Plaintiff's request to add a RICO claim, which allegedly arose out of the *Fox I* defendants' use of Medicare fraud proceeds to subsidize Plaintiff's competitors. *See* No. 04-00874, ECF Nos. 69 (Plaintiff's motion to amend), 167 (district court's denial), 574 (first amended complaint). Judge Seeborg then granted summary judgment in favor of the *Fox I* defendants on the grounds that the defendants were immune from damages under the Health Care Quality Improvement Act of 1986 ("HCQIA"), 42 U.S.C. § 11101. 801 F. Supp. 2d at 892. Additionally, Judge Seeborg granted summary judgment for HCA, Inc. on the independent ground that there was no basis to impose liability on HCA, Inc. for the alleged wrongs of GSH. *Id.* at 895, 897-98.

Plaintiff appealed the adverse grant of summary judgment to the Ninth Circuit. *Fox I*, 467 Fed. App'x 731. The case was assigned to a panel of Ninth Circuit Judge Jay Bybee, Ninth Circuit Judge Mary Murguia, and U.S. District Judge James Singleton from the District of Alaska,

---

[1] Defendant HCA Holdings, Inc. represents that it is a different entity than HCA, Inc. and was not a defendant in *Fox I*. Mot. at 3 n.1. However, Defendant does not explain the relationship between the two companies or request judicial notice of documents reflecting that relationship. Plaintiff alleges that Defendant owned GSH when GSH revoked Plaintiff's privileges, and thus apparently alleges that Defendant and HCA, Inc. are the same company. FAC ¶ 11-12. For the purposes of a motion to dismiss, the Court accepts Plaintiff's allegations as true. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

sitting by designation. No. 10-15989, Dkts. 70, 73. After oral argument, but before any decision, Plaintiff asked Judge Bybee to recuse himself from the panel due to alleged conflicts of interest arising from Judge Bybee's connections to the *Fox I* defendants' attorneys. No. 10-15989, Dkt. 74. Specifically, Plaintiff argued that Judge Bybee should recuse himself for two reasons. First, Judge Bybee received pro bono legal services from Latham & Watkins LLP, which acted as counsel for the *Fox I* defendants in Medicare fraud cases brought by the U.S. Department of Justice. No. 10-15989, Dkt. 74. Plaintiff argued that the Medicare fraud cases were related to the RICO claim that Plaintiff attempted to add to the *Fox I* complaint. No. 10-15989, Dkt. 74. Second, Plaintiff argued that a partner at Ropes and Gray LLP, which represented the *Fox I* defendants before Judge Seeborg and on appeal, set up a legal expense fund for Judge Bybee. No. 10-15989, Dkt. 74. Judge Bybee denied the motion for disqualification. No. 10-15989, Dkt. 76.

Plaintiff moved for reconsideration. No. 10-15989, Dkt. 77. Plaintiff added allegations that Judge Bybee received over $3 million in pro bono legal services from Latham & Watkins LLP and received over $25,000 from the legal expense fund set up and managed by the partner at Ropes and Gray LLP. No. 10-15989, Dkt. 77. Judge Bybee granted Plaintiff's motion for reconsideration and recused himself from the case. No. 10-15989, Dkt. 78. The Ninth Circuit Clerk replaced Judge Bybee with Ninth Circuit Judge Harry Pregerson. No. 10-15989, Dkt. 79. Oral argument did not recur before the new panel. The panel affirmed Judge Seeborg on the grounds that the defendants were entitled to HCQIA immunity. 467 Fed. App'x at 735. The panel did not address the district court's alternative grounds supporting summary judgment in favor of HCA, Inc. *See id.*

**2. Allegations in the Instant Case**

Plaintiff, whom Defendant asserts is a licensed attorney, brings the instant case pro se. Mot. at 2. Plaintiff alleges that Defendant "exerted improper influence, by as yet undetermined means, to cause a non-random panel assignment" of *Fox I* to a panel presided over by Judge Bybee. FAC ¶ 2. Plaintiff's theory is that Defendant "somehow rigged the Ninth Circuit panel so

3

Case No. 15-CV-02073-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

that Judge Bybee would be named the presiding judge." Mot. at 3.[2] After obtaining more financial data, Plaintiff now alleges that Judge Bybee received over $3.2 million in legal services from Latham & Watkins LLP and over $45,000 from the legal expense fund set up by the Ropes & Gray LLP partner. Plaintiff maintains that these connections to the *Fox I* defendants' attorneys biased Judge Bybee in favor of the *Fox I* defendants. FAC ¶¶ 2, 5-6, 13-14, 28. Pursuant to this theory, Plaintiff alleges that the *Fox I* appeal would have been favorable to Plaintiff had Judge Bybee not presided over the oral argument, even though Judge Bybee recused himself from the case. *Id.* ¶¶ 6, 34.

Plaintiff points to three indications that the panel assignment to Judge Bybee was not random. First, Plaintiff asserts that non-random panel assignments occur in the Ninth Circuit "for reasons that do not appear on the record." *Id.* ¶¶ 1, 37, Exs. 1-3 (news articles discussing possible non-random panel assignments). Second, Plaintiff alleges that the *Fox I* panel assignment occurred only 32 days after the completion of briefing, a short time relative to when other cases are assigned. *Id.* ¶ 38-41. Additionally, Plaintiff asserts that the Ninth Circuit should have stayed the *Fox I* appeal until the Ninth Circuit decided a submitted case raising related legal issues. *Id.* ¶ 42 (citing *Chudacoff v. Univ. Med. Ctr.*, No. 09-17558). From this, Plaintiff concludes that the *Fox I* appeal was expedited, "although nothing in the record reflects or explains that." *Id.* Third, Plaintiff asserts that, due to Judge Bybee's relatively junior status among active judges, the odds of being assigned to a panel presided over by Judge Bybee were "around two percent or less." *Id.* ¶ 43.

Taking these allegations together, Plaintiff concludes that the odds of *Fox I* being randomly assigned shortly after the completion of briefing to a panel presided over by Judge Bybee were approximately 0.02%. *Id.* ¶ 44. Plaintiff alleges that given "the implausibility of simple good fortune as the sole explanation for the panel assignment in this case, it is plausible that someone intervened in the assignment of the Fox appeal to steer it to Judge Bybee's panel.

---

[2] For the purposes of this motion, Plaintiff stipulated to the statement of relevant facts set out in Defendant's motion to dismiss. *See* Opp. at 2.

The most plausible person or entity to have undertaken such an intervention is defendant HCA, with the possible involvement of others by a process yet to be determined." *Id.* ¶ 46.  Plaintiff stipulates that Plaintiff "believes, in other words, but has no facts to support his belief, that HCA Holdings influenced the Ninth Circuit panel selection process."  Mot. at 4.

According to Plaintiff, if *Fox I* had been randomly assigned "to an impartial panel," or had the "post-recusal panel know[n] of HCA's misconduct in the appeal," the appeal would have been decided in Plaintiff's favor.  FAC ¶¶ 47, 52.  Plaintiff relies on the resolution of the allegedly related case *Chudacoff*, in which the Ninth Circuit noted in dicta that the Ninth Circuit "would be inclined to affirm the denial of HCQIA immunity" in that case. *Id.*  Plaintiff also relies on allegations that the *Fox I* decision "closely reflected" comments that Judge Bybee made at oral argument. *Id.* ¶ 5.  It follows, according to Plaintiff, that "the post-recusal panel was heavily influenced by the recused judge," or Judge Bybee "circulated an opinion prior to his recusal that was then substantially adopted by the post-recusal panel." *Id.*  Plaintiff does not allege any improper influence over the proceedings before Judge Seeborg.

**B. Procedural History**

    **1.** *Fox I*

Plaintiff filed the complaint in *Fox I* on March 4, 2004.  No. 04-00874, ECF No. 1.  On January 1 and 29, 2010, the defendants filed motions for summary judgment.  No. 04-00874, ECF Nos. 347, 370.  On March 29, 2010, Judge Seeborg granted the defendants' motions for summary judgment and entered final judgment for the defendants.  No. 04-00874, ECF Nos. 446, 449.

On April 26, 2010, Plaintiff moved to vacate the judgment.  No. 04-00874, ECF No. 469.  Two days later, Plaintiff filed a notice of appeal of Judge Seeborg's summary judgment decision.  No. 04-00874, ECF No. 476.  On April 30, 2010, the defendants filed a motion to dismiss the appeal in the Ninth Circuit due to the pendency of post-judgment motions before Judge Seeborg.  No. 10-15989, Dkt. 9.  In response, Plaintiff filed a motion for sanctions against the defendants in the Ninth Circuit.  No. 10-15989, Dkt. 14.  The Ninth Circuit stayed the appeal.  No. 10-15989, Dkt. 15.  On June 6, 2010, Judge Seeborg denied Plaintiff's post-judgment motion to vacate the

judgment. No. 04-00874, ECF No. 514.

Plaintiff filed an amended notice of appeal on July 2, 2010. No. 04-00874, ECF No. 526. On July 29, 2010, the defendants withdrew the motion to dismiss the appeal because the post-judgment motions were no longer pending in the district court. No. 10-15989, Dkt. 23. On August 27, 2010, the Ninth Circuit denied Plaintiff's request for sanctions and set a briefing schedule for Plaintiff's appeal. No. 10-15989, Dkt. 26; *see also* Dkt. 32 (updating briefing schedule). The parties completed briefing on March 29, 2011. No. 10-15989, Dkt. 66. On April 29, 2011, the Ninth Circuit set the case for hearing in San Francisco on June 17, 2011. No. 10-15989, Dkt. 70. The case was argued and submitted to Judges Bybee, Murguia, and Singleton. No. 10-15989, Dkt. 73.

On July 13, 2011, Plaintiff filed the motion for the disqualification of Judge Bybee. No. 10-15989, Dkt. 74. After Judge Bybee denied the motion, No. 10-15989, Dkt. 76, Plaintiff moved for reconsideration, No. 10-15989, Dkt. 77. On August 16, 2011, Judge Bybee granted Plaintiff's motion and recused himself from the case. No. 10-15989, Dkt. 78. On August 23, 2011, the Ninth Circuit Clerk replaced Judge Bybee with Judge Pregerson. No. 10-15989, Dkt. 79.

On February 3, 2012, the panel of Judges Pregerson, Murguia, and Singleton affirmed the district court's grant of summary judgment to the *Fox I* defendants in a memorandum disposition. No. 04-00874, ECF No. 562. The Ninth Circuit denied Plaintiff's petitions for panel rehearing and rehearing en banc on March 16, 2012. No. 04-00874, ECF No. 563. The U.S. Supreme Court denied Plaintiff's petition for certiorari on October 1, 2012. No. 04-00874, ECF No. 567.

**2. Instant Lawsuit**

Plaintiff filed the instant lawsuit on May 7, 2015. ECF No. 1. Plaintiff filed the FAC on May 15, 2015. ECF No. 6. The FAC asserts two causes of action: (1) a violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968; and (2) relief from judgment under Federal Rule of Civil Procedure 60(d). FAC ¶¶ 49-56. Plaintiff seeks damages, costs and attorney's fees, pre- and post-judgment interest, and the vacation of the judgment in *Fox I*. *Id.* at 11.

1   On June 22, 2015, Defendant filed an administrative motion with Judge Seeborg to relate
2   the instant lawsuit to *Fox I*.  No. 04-00874, ECF No. 569.  Plaintiff stipulated that the cases should
3   be related.  No. 04-00874, ECF No. 570.  Judge Seeborg denied the motion to relate on June 23,
4   2015.  No. 04-00874, ECF No. 573.

5   On July 8, 2015, Defendant filed the instant motion to dismiss the FAC.  ECF No. 11
6   ("Mot.").  Plaintiff opposed the motion on July 22, 2015.  ECF No. 18 ("Opp.").  Defendant filed a
7   reply on July 29, 2015.  ECF No. 19 ("Reply").

## II.   LEGAL STANDARD

### A.   Rule 12(b)(1) Subject Matter Jurisdiction

A defendant may move to dismiss an action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.  "The party asserting federal subject matter jurisdiction bears the burden of proving its existence."  *Chandler v. State Farm Mut. Auto Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).  The party carries that burden by putting forth "the manner and degree of evidence required" by whatever stage of the litigation the case has reached.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

### B.   Rule 12(b)(6) Motion to Dismiss

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief."  A complaint that fails to meet this standard may be dismissed pursuant to Rule 12(b)(6).  Rule 8(a) requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.*

For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving

party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The Court, however, need not accept as true allegations contradicted by judicially noticeable facts, *see Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and it "may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into a motion for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995). Nor must the Court "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

### C. Leave to Amend

If the court concludes that the complaint should be dismissed, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 . . . [is] to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (citation omitted). Nonetheless, a district court may deny leave to amend a complaint due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

### III. DISCUSSION

Defendant offers five bases to dismiss Plaintiff's complaint: (1) the Court lacks subject matter jurisdiction to consider Plaintiff's claims; (2) Plaintiff's claims are barred by res judicata; (3) Plaintiff failed to sufficiently plead a RICO violation; (4) Plaintiff did not plead his Rule 60(d) claim with the specificity required by Rule 9(b); and (5) Plaintiff's Rule 60(d) claim is an improper collateral attack on a final judgment. Mot. at 5-11. The Court addresses the Rule 60(d) claim first, then considers Plaintiff's RICO claim.

8
Case No. 15-CV-02073-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

### A. Rule 60(d) Claim

Plaintiff requests relief under Rule 60(d) from the judgment in *Fox I* because Defendant "perpetrated a fraud" upon the Ninth Circuit. FAC ¶ 56. Defendant argues that Plaintiff's Rule 60(d) claim fails for three reasons: (1) the Court lacks jurisdiction; (2) Plaintiff cannot meet the heightened pleading standard of Rule 9(b); and (3) this claim is a procedurally improper collateral attack on *Fox I*. Mot. at 5-6, 9-11. In response, Plaintiff concedes that this Court lacks jurisdiction and asks this to Court certify an interlocutory appeal to the Ninth Circuit pursuant to 28 U.S.C. § 1292. Opp. at 1.

Specifically, Plaintiff concedes that Defendant is "clearly correct" that "the district court lacks jurisdiction to consider Fox's Rule 60(d) motion in which Fox seeks to have the mandate of the [Ninth Circuit] in *Fox I* vacated because of the alleged fraud upon the Ninth Circuit." *Id.* Plaintiff states: "For the purposes of this motion, Fox will assume, *arguendo*, the correctness of HCA's argument that (1) the District Court lacks jurisdiction to grant Fox's motion under Fed.R.Civ.Proc. Rule 60d, and (2) the District Court lacks jurisdiction to vacate its own judgment in *Fox I*, and (3) the District Court lacks jurisdiction to vacate the mandate of the Court of Appeals in *Fox I*." *Id.* at 2-3. Because Plaintiff concedes that the Court lacks jurisdiction, the Court need not reach Defendant's remaining arguments.

Given that Plaintiff forfeited the opportunity to defend this claim, the Court concludes that permitting Plaintiff to amend this claim would result in undue delay and unduly prejudice Defendant by requiring Defendant to file repeated motions to dismiss on claims that Plaintiff agrees are baseless. Accordingly, the Court GRANTS Defendant's motion to dismiss Plaintiff's Rule 60(d) claim with prejudice. *See Leadsinger, Inc.*, 512 F.3d at 532; *see also In re MyFord Touch Consumer Litig.*, 46 F. Supp. 3d 936, 980 (N.D. Cal. 2014) (dismissing claim with prejudice that plaintiff conceded was subject to dismissal); *Alcaraz v. United States*, No. C-13-511 MMC, 2013 WL 4647560, at *6 (N.D. Cal. Aug. 29, 2013) (same).

Moreover, the Court declines Plaintiff's invitation to certify Plaintiff's Rule 60(d) claim for interlocutory appeal. This Court may certify an interlocutory appeal if the Court finds that an

9
Case No. 15-CV-02073-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Because the Court finds below that there is no substantial ground for difference of opinion, the Court need not address the remaining requirements for certification for interlocutory appeal.

"Courts traditionally will find that a substantial ground for difference of opinion exists where the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." *Couch v. Telescope, Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). In the instant case, the Court acknowledges that there could be a difference of opinion as to whether the Court has jurisdiction. Rule 60(d) gives this Court the authority both to "entertain an independent action to relieve a party from a judgment, order, or proceeding" and to "set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d). Defendant cites no authority that limits the jurisdiction of this Court to set aside a judgment under Rule 60(d). In fact, neither case relied on by Defendant addresses the jurisdiction of the district court. *See* Mot. at 5 (citing *Carrington v. United States*, 503 F.3d 888, 892-93 (9th Cir. 2007) (addressing when the Ninth Circuit may recall its own mandate); *In re Sanford Fork & Tool Co.*, 160 U.S. 247, 255 (1895) (noting that the circuit court may not alter the decree of the Supreme Court upon remand)).

However, Plaintiff concedes that the district court lacks jurisdiction and concedes Plaintiff's Rule 60(d) claim, and "[t]he Court is not inclined to manufacture arguments on Plaintiff's behalf." *Kiland v. Boston Scientific Corp.*, No. C 10-4105 SBA, 2011 WL 1261130, at *7 (N.D. Cal. Apr. 1, 2011) (citing *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("Our adversarial system relies on the advocates to inform the discussion and raise the issues to the court.")). Moreover, this Court has not identified any authority indicating that there is a substantial ground for difference of opinion as to the jurisdiction of the district court in this instance. *See* 28 U.S.C. § 1292(b); *see also Couch*, 611 F.3d at 633 (discussing grounds for difference of opinion, including that the circuits are in dispute). Finally, § 1292(b) "is a departure

1  from the normal rule that only final judgments are appealable, and therefore must be construed

2  narrowly." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1068 n.6 (9th Cir.2002). For these

3  reasons, the Court DENIES Plaintiff's request to certify the Rule 60(d) claim for an interlocutory

4  appeal.

### B. RICO

Defendant offers three bases for the Court to dismiss Plaintiff's RICO claim: (1) the Court lacks subject matter jurisdiction; (2) the claim is barred by res judicata; and (3) Plaintiff fails to state a RICO claim. The Court addresses each argument in turn.

#### 1. Subject Matter Jurisdiction

Defendant contends that this Court lacks jurisdiction to overturn the Ninth Circuit's decision in *Fox I* or to reconsider the underlying summary judgment decision. Mot. at 5-6. According to Defendant, Plaintiff's complaint essentially seeks to overturn these decisions, and thus the Court lacks jurisdiction to consider Plaintiff's RICO claim. *Id.* Plaintiff counters that Defendant's argument is conclusory and that the RICO cause of action was not at issue in *Fox I*. Opp. at 2-3.

Defendant's argument rests on Defendant's interpretation of the FAC: that Plaintiff's RICO claim necessarily requires this Court to find that "this Court erred when it granted summary judgment dismissing Dr. Fox's previous lawsuit, *Fox I*, and the Court of Appeals rendered an erroneous decision affirming that ruling." Mot. at 5 (emphases omitted). However, Defendant conflates Plaintiff's RICO and Rule 60(d) claims. The remedy for Defendant's alleged RICO violation would be damages, attorney's fees, and costs—not the vacation of the judgment in *Fox I*. *See* 18 U.S.C. § 1964; FAC ¶ 55. While it is true that RICO provides no basis for this Court to set aside the judgment in *Fox I*, Plaintiff does not seek to set aside the *Fox I* judgment under Plaintiff's RICO claim. *See* 18 U.S.C. § 1964; FAC ¶ 55.

Moreover, Defendant misunderstands the gravamen of Plaintiff's RICO claim. Plaintiff's RICO claim turns on whether Defendant obstructed justice by improperly influencing the panel assignment process of the Ninth Circuit. FAC ¶¶ 2, 50. By contrast, *Fox I* involved alleged

11

Case No. 15-CV-02073-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

anticompetitive behavior in connection with Plaintiff's privileges to practice medicine at GSH. 801 F. Supp. 2d at 885-86.  While Plaintiff clearly believes that *Fox I* was erroneously decided, whether Defendant improperly influenced the assignment of the Ninth Circuit panel is a separate question from whether HCQIA immunity barred Plaintiff's *Fox I* claims.  Plaintiff's RICO claim does not require this Court to re-examine the merits of *Fox I* or overturn the *Fox I* judgment.

The Court has subject matter jurisdiction over RICO claims.  *See* 28 U.S.C. § 1331; 18 U.S.C. § 1964(a).  Defendant has provided no persuasive argument or authority that removes or bars that jurisdiction.  Accordingly, the Court declines to dismiss Plaintiff's RICO claim for lack of subject matter jurisdiction.

### 2. Res Judicata

Defendant argues that Plaintiff's RICO claim is barred by res judicata because Plaintiff "is also insisting that the Court allow him to re-litigate the precise issues decided against him in the previous action." Mot. at 6.  Plaintiff counters that collateral estoppel bars Defendant from arguing that the claims in the instant case are the same as the claims in *Fox I*.  Opp. at 3.  According to Plaintiff, Defendant cannot argue res judicata because Judge Seeborg, denying Defendant's motion to relate the instant case to *Fox I*, found that "none of the factual or legal issues presented in the new action were the subject of the prior case." *Id.*  This Court first addresses whether collateral estoppel precludes Defendant's res judicata argument.  This Court then considers whether res judicata bars Plaintiff's RICO claim.

Collateral estoppel precludes the relitigation of issues adjudicated in an earlier proceeding when "(1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the first proceeding." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 (9th Cir. 2006); *see also Maciel v. C.I.R.*, 489 F.3d 1018, 1023 (9th Cir. 2007) (noting that when an issue is "actually litigated and necessarily decided, after a full and fair opportunity for litigation, in a prior proceeding," a court's decision is binding in a subsequent action between the parties).

12

Case No. 15-CV-02073-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

The Court concludes that collateral estoppel does not bar Defendant's res judicata argument. In the "previous proceeding" that Plaintiff identifies, Judge Seeborg denied Defendant's administrative motion to relate the instant case to *Fox I*. No. 04-00874, ECF No. 573. Judge Seeborg neither considered the merits of the instant case nor entered a final judgment. *See id.* Consequently, there is no "final judgment on the merits," and collateral estoppel does not apply. *See Reyn's Pasta Bella, LLC*, 442 F.3d at 746.

Although Defendant is not precluded from arguing res judicata, the Court concludes that Defendant's argument has no merit. Res judicata is applicable whenever there is "(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." *United States v. Liquidators of European Fed. Credit Bank*, 630 F.3d 1139, 1150 (9th Cir. 2011). In the Ninth Circuit, an "[i]dentity of claims exists when two suits arise from 'the same transactional nucleus of facts.' Newly articulated claims based on the same nucleus of facts may still be subject to a res judicata finding if the claims could have been brought in the earlier action." *Tahoe Sierra Pres. Council v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1078 (9th Cir. 2003) (citation omitted).

Here, Defendant cannot demonstrate an "identity of claims" between this action and *Fox I*. *See id.* As discussed above, *Fox I* raised California retaliation and federal antitrust claims arising from the defendants' alleged anticompetitive behavior in revoking Plaintiff's privileges to practice medicine at GSH. *Fox I*, 801 F. Supp. 2d 883. The instant case alleges that Defendant violated RICO, which requires Plaintiff to show that Defendant conducted or participated in a pattern of racketeering activity. *See* 18 U.S.C. § 1962(c). According to Plaintiff, Defendant did so by obstructing justice through Defendant's improper influence on the *Fox I* panel assignment. FAC ¶¶ 49-55. The *Fox I* and RICO claims are not the same, nor did they arise from "the same transactional nucleus of facts." *Tahoe Sierra Pres. Council*, 322 F.3d at 1078. Rather, the alleged obstruction of justice arose years after the anticompetitive behavior alleged in *Fox I* and is based on entirely different facts. Thus, there is no "identity of claims" between this case and *Fox I*. *See id.*

Defendant responds that, for Plaintiff to succeed in the instant case, Plaintiff must

demonstrate that Plaintiff's claims in *Fox I* were not barred by HCQIA immunity. Mot. at 6. However, Defendant provides no explanation for why this is so. *See generally id.* As noted, whether Defendant improperly influenced the assignment of the Ninth Circuit panel is a separate question from whether HCQIA immunity barred Plaintiff's *Fox I* claims, and Defendant makes no effort to argue otherwise. Additionally, Plaintiff does not need to show that the result in *Fox I* would have been different absent the Defendant's alleged improper influence. *See* 18 U.S.C. § 1503 (prohibiting an individual from "*endeavor[ing]* to influence, obstruct, or impede, the due administration of justice" (emphasis added)). The Court declines to dismiss Plaintiff's RICO claim on the basis of res judicata.

### 3. Sufficiency of the Allegations

RICO makes it illegal for "any person employed or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of [an] enterprise's affairs through a pattern of racketeering activity." 18 U.S.C. § 1962(c). To state a claim under § 1962(c), "a plaintiff must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity" *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 557 (9th Cir. 2010) (citing *Odom v. Microsoft Corp.*, 486 F.3d 541, 547 (9th Cir. 2007) (en banc)). Defendant contends that Plaintiff fails to sufficiently allege any "racketeering activity." Mot. at 8.[3]

Plaintiff alleges that Defendant committed racketeering activity by obstructing justice during the *Fox I* appeal. "'[R]acketeering activity' is any act indictable under several provisions of Title 18 of the United States Code, and includes the predicate acts of . . . obstruction of justice."

---

[3] Defendant, in a footnote in the opening brief, also contends that Plaintiff fails to allege a "pattern," an "enterprise," and RICO standing. Mot. at 8 n.3. However, Defendant provides no elaboration or argument on these RICO elements until the reply brief. This Court only considers issues that are "argued specifically and distinctly in a party's opening brief." *See Gale v. NEC Corp.*, No. C 06-3237JF, 2007 WL 915384, at *1 n.6 (N.D. Cal. Mar. 23, 2007) (citing *Indep. Towers of Wash.*, 350 F.3d at 929). A bare assertion of an issue does not preserve a claim. *Id.* (citing *Indep. Towers of Wash.*, 350 F.3d at 929). Accordingly, the Court does not consider the sufficiency of Plaintiff's allegations regarding RICO standing and the elements of a RICO claim mentioned only in Defendant's footnote in the opening brief.

*Sanford*, 625 F.3d at 557 (citing *Turner v. Cook*, 362 F.3d 1219, 1229 (9th Cir. 2004)); *see also* 18 U.S.C. § 1961(a). An individual obstructs justice when that individual "corruptly or by threats or force, or by any threatening letter or communication, influences, obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice." 18 U.S.C. § 1503. Someone "corruptly" obstructs justice if the person acts "with the purpose of obstructing justice." *United States v. Bonds*, 784 F.3d 582, 583 (9th Cir. 2015) (en banc) (Kozinski, J., concurring). Additionally, the act must be material, or have "the natural and probable effect of interfering with the due administration of justice." *Id.* (N.R. Smith, J., concurring) (quoting *United States v. Aguilar*, 515 U.S. 593, 599 (1995)). Defendant argues that no facts support Plaintiff's claim that Defendant obstructed justice, and therefore there is no basis to impose liability under RICO. Mot. at 7-8.

The Court agrees with Defendant. The FAC lacks "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Iqbal*, 556 U.S. at 678. Nowhere does the FAC allege that Defendant acted "corruptly or by threats or force, or by any threatening letter of communication." *See* 18 U.S.C. § 1503. Nor does the FAC allege that Defendant intended to obstruct justice, or even that Defendant was aware of Judge Bybee's alleged connections with Defendant's attorneys. *See generally* FAC; *see also Bonds*, 784 F.3d at 583 (Kozinski, J., concurring) (noting a person acts "corruptly" if the person has "the purpose of obstructing justice"). Instead, Plaintiff alleges that Defendant, "through means as yet unknown," intervened to steer the assignment of the *Fox I* appeal to a panel with Judge Bybee. FAC ¶ 10. While Plaintiff need not make "detailed factual allegations" in the complaint, Plaintiff must still allege each element of obstruction of justice. *See Iqbal*, 556 U.S. at 675, 678. Plaintiff has not done so.

Moreover, Plaintiff has provided no facts that Defendant "influence[d], obstruct[ed], or impede[d], or endeavor[d] to influence, obstruct, or impede, the due administration of justice." *See* 18 U.S.C. § 1503. Plaintiff urges this Court to draw three inferences regarding Defendant's alleged improper influence of the Ninth Circuit panel assignment: (1) the Ninth Circuit panel

15

assignment was non-random; (2) the non-random assignment was due to improper outside influence; and (3) Defendant was the source of the improper outside influence. FAC ¶ 46. As discussed below, all of these inferences are unreasonable, implausible, and unsupported by factual allegations in the FAC. *See In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted) (noting the court need not accept as true allegations that are merely conclusory or unreasonable inferences).

First, Plaintiff alleges that this Court must conclude that the assignment of the *Fox I* appeals panel was non-random because the appeal was expedited, "although nothing in the record reflects or explains that." FAC ¶¶ 42, 46. As Plaintiff concedes: nothing in the record reflects that the appeal was expedited. *See id.* ¶ 42. Moreover, although Plaintiff alleges that the time frame between the completion of briefing and the assignment of the panel was relatively short, *id.* ¶¶ 38-42, Plaintiff does not offer any facts suggesting that a short time frame leads to a non-random panel assignment. In fact, nothing in the FAC indicates that the panel assignment in *Fox I* was non-random, besides the conclusory allegation that Plaintiff *believes* the panel assignment to be implausible. *See id.* ¶¶ 42, 46. The Court need not accept such conclusory and non-factual allegations as true. *See Gilead Scis. Secs. Litig.*, 536 F.3d at 1055.

Even if the Court accepted that the panel assignment in *Fox I* was non-random, there is not a single factual allegation in the FAC to support that an outside force intervened in the assignment process. Plaintiff alleges that "*it is plausible* that someone intervened in the assignment of the Fox appeal to steer it to Judge Bybee's panel." FAC ¶ 46 (emphasis added). However, this is not a factual allegation, and the Court need not accept it as true. *See Iqbal*, 556 U.S. at 678. Additionally, Plaintiff provides no basis to infer that "it is plausible" that anyone intervened in the panel assignment. There are no factual allegations indicating outside influence. Additionally, none of the news articles that Plaintiff relies upon indicate that a non-random assignment has ever occurred because of outside influence. *See* FAC Exs. 1-3. These allegations "do not permit the court to infer more than the mere possibility of misconduct." *See Iqbal*, 556 U.S. at 678. This is insufficient to state a claim for relief. *Id.*

16
Case No. 15-CV-02073-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Lastly, even if the Court found it plausible that an outside force influenced the panel assignment in *Fox I*, which the Court does not, the Court is unable to "draw the reasonable inference that *the defendant* is liable for the misconduct alleged." *See id.* (emphasis added). Plaintiff alleges that the "most plausible person or entity to have undertaken such an intervention is defendant HCA, with the possible involvement of others by a process as yet undetermined." FAC ¶ 46. However, Defendant was not the only defendant in *Fox I*, and thus not the only entity with an interest in the outcome of the *Fox I* appeal. *See Fox I*, 467 Fed. App'x 731. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678. Moreover, Plaintiff does not allege that Defendant knew of Judge Bybee's connections with Defendant's lawyers. *See generally* FAC. Thus, there is no reason for the Court to infer that Defendant would attempt to alter the panel assignment process to ensure that Judge Bybee presided over *Fox I*. *See Gilead Scis. Secs. Litig.*, 536 F.3d at 1055. Most importantly, Plaintiff stipulated that Plaintiff "believes . . . *but has no facts* to support his belief, that HCA Holdings influenced the Ninth Circuit panel selection process." Mot. at 4 (emphasis added). Without any facts, Plaintiff cannot plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

In opposition, Plaintiff makes two arguments. First, Plaintiff asserts that an "attempt to influence, through a third party, a federal judge constitutes an obstruction of justice." Opp. at 5 (citing *United States v. Glickman*, 604 F.2d 625 (9th Cir. 1979)). This argument ignores that Plaintiff fails to allege any attempt by any party to influence the panel assignment process, let alone a federal judge.

Second, Plaintiff argues that the FAC provides "fair notice" to Defendant and discovery will not be unfairly expensive for a corporation valued in the tens of billions of dollars. Opp. at 3-4. Plaintiff relies on *Starr v. Baca*, 633 F.3d 1191, 1204, *superseded on denial of rh'g by* 652 F.3d 1202, 1204 (9th Cir. 2011), but ignores important parts of that Ninth Circuit decision. According to *Starr*, a complaint survives a motion to dismiss when the allegations are "*sufficiently detailed* to

17

give fair notice to the opposing party of the nature of the claim" and "*sufficiently plausible* that it is not unfair to require the opposing party to be subjected to the expense of discovery." 633 F.3d at 1204 (emphasis added). Thus, to survive a motion to dismiss, Plaintiff cannot plead only legal conclusions and that discovery may provide the facts needed to state a plausible claim. *See Bartell v. JPMorgan Chase Bank, NA*, 607 Fed. App'x 731, 732 (9th Cir. 2015) (citing *Iqbal*, 556 U.S. at 678-79). Instead, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *See Twombly*, 550 U.S. at 570; *see also Starr*, 633 F.3d at 1204 (noting allegations must be "sufficiently detailed" and "sufficiently plausible"). For the reasons discussed above, Plaintiff has not done so. Consequently, Plaintiff has not provided "fair notice" to Defendant. *See Starr*, 633 F.3d at 1204.

In summary, the FAC is devoid of any factual content regarding the existence of a non-random panel assignment or Defendant's involvement in that assignment. Instead, Plaintiff makes only conclusory and implausible allegations about potential interference with the Ninth Circuit's panel assignment process. Plaintiff fails to plead any element of an obstruction of justice charge—namely, that Defendant acted corruptly or with threats or force, or that Defendant in any way interfered with the due administration of justice. *See* 18 U.S.C. § 1503. Because Plaintiff fails to plead obstruction of justice, Plaintiff fails to plead any "racketeering activity." Accordingly, Plaintiff fails to state a claim under RICO. *See Sanford*, 625 F.3d at 557.

Although Defendant asserts that Plaintiff is a licensed attorney, Plaintiff is proceeding pro se. "Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007). *But cf. Heller v. Emanuel*, No. 07-CV-1393 (ARR), 2007 WL 1491081, at *2 (E.D.N.Y. May 21, 2007) ("Although plaintiff proceeds *pro se* here, he is an experienced attorney and accordingly the Court is not obligated to read his pleadings liberally."). While the Court is skeptical that Plaintiff will be able to sufficiently plead a RICO violation, it is not "absolutely clear" that amendment would be futile. *See Weilburg*, 488 F.3d at 1205. Moreover, the Court finds no bad faith or dilatory motive on the part of the Plaintiff, no undue

delay, and no undue prejudice to Defendant by allowing leave to amend. *See Leadsinger, Inc.*, 512 F.3d at 532. Accordingly, the Court GRANTS Defendant's motion to dismiss Plaintiff's RICO claim with leave to amend. *See id.*

## IV. CONCLUSION

For the foregoing reasons, Court hereby GRANTS Defendant's motion to dismiss Plaintiff's Rule 60(d) claim with prejudice and Plaintiff's RICO claim with leave to amend. Should Plaintiff elect to file an amended complaint curing the deficiencies identified herein, Plaintiff shall do so within thirty (30) days of the date of this Order. Failure to meet the thirty-day deadline to file an amended complaint or failure to cure the deficiencies identified in this Order will result in a dismissal with prejudice of Plaintiff's claims. Plaintiff may not add new causes of action or parties without leave of the Court or stipulation of the parties pursuant to Rule 15 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Dated: November 4, 2015

_____
LUCY H. KOH
United States District Judge